THE STATE ex rel. RALPH E. TRUMAN, Appellant,
v. HENRY L. JOST et al., Constituting Board of
Police Commissioners of Kansas City.

Division One, December 20, 1916.

1. **POLICE DETECTIVE: State and Municipal Officer: Increase of
Salary.** A police detective, appointed by the Board of Police Com-
missioners of Kansas City, is, because of the safeguards thrown
around his position by the statutes (Secs. 6189, 6190, 6192 and
6193, R. S. 1899), both a State officer and a municipal officer, and
his salary, in view of section 8 of article 14 of the Constitution,
cannot be increased by the Legislature during the definite term
for which he was appointed.

2. ————: ————: **New Statute: Amendment or Repeal.** An act of the
Legislature repealing and reenacting, at the same time, a pre-
existing statute, is but a continuation of the latter, and the law
dates from the passage of the first statute. So that, although the
Act of 1909, in terms repealed Sec. 6192, R. S. 1899, which fixed
the salary of police detectives at $1080, yet as section 6192 was
amended only by changing the salary from $1080 to $1380 and was
otherwise reenacted, and both said sections and the Act of 1909
dealt with the same general subject, the Act of 1909 was, in legal
effect, an amendment of Sec. 6192, R. S. 1899; and as relator was
appointed, on February 17, 1909, for a term of three years, and was
not reappointed after the Act of 1909 went into effect on June 14,
1909, the amount of his salary is to be determined by section 6192,
and he was not entitled to the additional compensation of $300 a
year from June 14, 1909, to February 17, 1912.

3. **PUBLIC OFFICER: Definite Term: Power to Remove at Pleasure.**
Power of a board of police commissioners to remove a policeman
at pleasure implies that the officer has no term of office; but where
the statute expressly provides for appointment of policemen for
a term of three years, but qualifies this by vesting the board with
power to remove without a hearing either (1) when the number
of police officers exceeds the number needed or (2) when there
are insufficient funds to pay the force as constituted, it does not vest
the board with power to remove at pleasure, but simply with
power to remove for cause without a hearing. And a police of-
ficer appointed in pursuance to such statutory power has a definite
term of three years.

4. ————: ————: ————: **Meaning of For Cause and Hearing.** Con-
stitutional or statutory provisions which allow the removal only
for cause, or for cause and after notice and hearing, do not apply
to a dismissal for some reason other than his own act or default,
and where there is no intent to appoint another in his stead.

State ex rel. v. Jost.

Appeal from Jackson Circuit Court.—*Hon. Joseph A. Guthrie*, Judge.

AFFIRMED.

*M. E. Casey, Frank D. Rader* and *James M. Rader* for appellant.

(1) Mandamus of police commissioners is the proper procedure. Sanford v. Kansas City, 69 Mo. 466; Riley v. Kansas City, 31 Mo. App. 444; State ex rel. v. Walbridge, 153 Mo. 194; State ex rel. v. Hawes, 177 Mo. 387; State ex rel. v. Mason, 153 Mo. 26. (2) Relator's old office was abolished and he held new office created by Act of June 14, 1909. The act approved June 14, 1909, carrying an emergency clause, by expressly repealing Sec. 6192, R. S. 1899, not only abolished all salaries prescribed by said section, but also abolished *ipso facto* the offices to which these salaries had been attached. Said officers being purely statutory in their origin, were swept as completely away by the repealing act of June 14, 1909, as thought they had never theretofore existed. And this conclusion is not in the least affected by the fact that the new law of 1909 retained the same nomenclature in designating offices and the same official tenures as had formerly been prescribed by the statute repealed, nor, by the further fact that incumbents at the time of such repeal, whose commissions, but for such repeal, would have extended their terms beyond June 14, 1909, thereafter continued to exercise the same functions and to perform the same duties as before. In short, if the officers of the Police Department in office June 14, 1909, were not entitled to be paid thereafter under the provisions of the act approved on that date, then they were not entitled to be paid at all, because the former statute had been repealed and utterly annulled, and the law is well settled that no public officer can claim or be paid for his services except by virtue of some existent and specific statutory authority. (a) The legal effect of the repeal of Sec. 6192, R. S. 1899, was to abolish the official

terms, as well as salaries, created by that section. St. Louis v. Kellerman, 235 Mo. 695; Magner v. St. Louis, 179 Mo. 495; Meriwether v. Love, 167 Mo. 521; State ex inf. v. Ratcliffe, 164 Mo. 453; State ex rel. v. Warfield, 94 Mo. 117; 7 Words and Phrases, Tit. "Repeal," p. 6102; Duffus v. Furnace Co., 40 N. Y. Supp. 930. (b) The incumbents holding at the date of said repeal had no vested right to their office, although their commissions had not then expired, and the repealing act of June 14, 1909, was a legitimate exercise of legislative power. Primm v. Carondelet, 23 Mo. 22; State ex rel. v. Davis, 44 Mo. 129; Wilcox v. Rodman, 46 Mo. 322; Head v. Curators, 47 Mo. 220; State ex inf. v. Crow, 166 Mo. 357. (c) Except by virtue of an existing statute, no compensation can be claimed by any officer, or other person, for services rendered to the public. Mechem on Public Officers, secs. 855, 856; Garnier v. St. Louis, 37 Mo. 554; Shed v. Railroad, 67 Mo. 687; Gammon v. Lafayette Co., 76 Mo. 675; Williams v. Chariton Co., 85 Mo. 645; Givens v. Daviess Co., 107 Mo. 603; State ex rel. v. Wofford, 116 Mo. 220; State ex rel. v. Brown, 146 Mo. 401; Jackson Co. v. Stone, 168 Mo. 577; State ex rel. v. Adams, 172 Mo. 1; Hill v. Butler Co., 195 Mo. 511; State ex rel. v. Walbridge, 153 Mo. 194; State ex rel. v. Hawes, 177 Mo. 387. (3) The retention of relator and others in their former positions after their tenure under the old law had been terminated by the repeal of that law, amounted to a new appointment or re-appointment of all persons so retained. In other words, by retaining them the Board of Police Commissioners necessarily did so by virtue of the Act of 1909, there being no other law in existence authorizing the board either to employ or pay those who filled said positions. (a) By paying salaries according to the provisions of the Act of June 14, 1909, for three months, as well as by their former resolution aforesaid, the Board of Police Commissioners gave to that act the identical interpretation and effect for which we here contend. State ex rel. v. Job, 205 Mo. 29; Ewing v. Vernon County, 216 Mo. 689. (b) Of still greater weight is the legislative in-

tent, expressed not only in the title of the Act of 1909, but also in the emergency clause. The wording of the emergency clause shows beyond peradventure that the Legislature intended to wipe out the old law *in toto*, with all its incidents, and to create a new police department to be appointed and paid under the new law. This plain purpose of the Legislature, so expressed in the emergency clause this court is bound to respect and sustain, if possible to do so. State v. Bengsch, 170 Mo. 108; State ex rel. v. Trust Co., 209 Mo. 492; State ex rel. v. Piper, 214 Mo. 499. (c) It is wholly immaterial to the present controversy whether relator received a formal commission under the new law or not. His service was rendered by virtue of that law, by authority of the board, with acquiescence of all men, so that neither his title to said position nor the *indicia* of his authority to discharge the duties which he confessedly did discharge can be questioned in this proceeding. State ex rel. v. Draper, 48 Mo. 213; State ex rel. v. Clark, 52 Mo. 508; State ex rel. v. John, 81 Mo. 13; State ex rel. v. Gordon, 236 Mo. 159; Dickerson v. Butler, 27 Mo. App. 9; 29 Cyc. 1371. (4) The office held by relator does not come under constitutional restriction. Conceding that relator and other policemen were "officers" within the meaning of that word as used in the Constitution, still it cannot reasonably be held that their terms were "fixed," when by the very statute "fixing" such terms it is provided they shall become unfixed at any moment the board takes a notion to reduce the force, because larger than the board deem necessary, or for lack of funds wherewith to pay salaries. Sec. 9785, R. S. 1909. Under the statute the board may, in either case, discharge said officers without notice or warning. To that extent, therefore, their tenure of office is necessarily uncertain, unfixed, and held at the board's discretion, thereby taking them out of the class of officers to which said constitutional inhibition relates. State ex rel. v. Police Commissioners, 80 Mo. App. 206; State ex rel. v. Commissioners, 184 Mo. 134; State ex rel. v. Gordon, 238 Mo. 168.

*A. F. Evans, J. A. Harzfeld, A. F. Smith* and *Hunt C. Moore* for respondents.

(1) Relator having been commissioned by the Board of Police Commissioners on February 17, 1909, as police detective, for three years, was a State officer and his salary could not be raised during the term of his office. Sec. 9782, R. S. 1909; State ex rel. v. Hawes, 177 Mo. 387; State ex rel. v. Smith, 87 Mo. 158; State ex rel. v. Hawes, 177 Mo. 360; State ex rel. v. Stonestreet, 99 Mo. 378; Chapman v. Walbridge, 153 Mo. 194; Throop on Public Officers, sec. 347; Phillips v. City of New York, 88 N. Y. 245; Langdon v. New York, 92 N. Y. 427; Reidy v. New York, 185 N. Y. 141; Sec. 8, art. 14, Constitution of Missouri. (2) The Act of 1909 did not repeal Sec. 6192, R. S. 1899, except in so far as its provisions were inconsistent and repugnant thereto. The provisions of both sections being substantially the same, the new act was merely amendatory of and a continuation of the old act. This is true in spite of the formal words, "An act to repeal section," etc. State ex rel. v. Mason, 153 Mo. 58; Brown v. Marshall, 241 Mo. 728; 36 Cyc. 1084. The only changes between section 9787 and section 6192 are that section 9787 provides for the additional office of detective sergeant and the office of property clerk, and omits the office of chief operator and raises the salaries of the officers and members of the force. The tenure of office is not changed—it remains the same as in the old law; the number of police detectives remains the same in the new as in the old, and the only change with respect to the office of police detective is that the salary is raised from $1080 per year to $1380 per year. (3) The Act of 1909 did not wipe out relator's old commission and invest him with a new one. State ex rel. v. Hawes, 177 Mo. 393; State ex rel. v. Hawes, 177 Mo. 360; Larew v. Newman, 81 Cal. 588; Green v. Chosen Freeholders, 44 N. J. L. 388; 23 Am. & Eng. Ency. Law, p. 401.

RAILEY, C.—On January 6, 1913, relator filed in the circuit court of Jackson County a petition for a writ of mandamus against the Police Commissioners of said city, who were then in authority. On April 28, 1913, an amended petition was filed making the present respondents defendants in said action.

The purpose of this proceeding is to compel respondents, as Police Commissioners of Kansas City, Missouri, to issue to relator a warrant for $725.83, drawn upon the treasurer or other disbursing officer of said city, and to do every other act and thing necessary to be done by them to secure relator his alleged full compensation of $1380 per annum, during the period between September 15, 1909, and February 17, 1912, as provided by sections 9778 and 9779, Revised Statutes 1909, or show cause why they have not done so. The petition alleged, that section 6192, Revised Statutes 1899, provided for the appointment of relator as a police detective in said city; "that having previously served a probationary period of one year, relator was, upon February 17, 1909, appointed to the above mentioned office of police detective, for a term of three years, subject, however, to five suspensions or removal for cause, and further subject to discharge without cause, notice or hearing, if at any time, in the opinion of the board, the police force were larger than the interests of the public require, or if there are not sufficient funds with which to pay expenses of said police department as then organized."

It is then averred that the office of police detective was abolished June 14, 1909, by the forty-fifth General Assembly of Missouri; that on said date, said section 6192, Revised Statutes 1899, was repealed and a new section enacted in lieu thereof (Laws 1909, p. 319), now known as section 9787, Revised Statutes 1909, and which provides that police detectives should be paid $1380 per annum.

It is further alleged that, *after* the passage of above act and upon *June* 14, 1909, relator was duly and legally appointed to the office of police detective for a term

of three years beginning on said June 14, 1909, and immediately accepted said office and continuously thereafter, until June, 1912, occupied the same and performed all the duties relating thereto, and thereby became entitled to the salary . and emoluments of ʾsaid office.

It is averred, that from June 14, 1909, to September 15, 1909, relator was paid at the rate of $1380 per annum; that from September 15, 1909, to· February 17, 1912, he was paid at the rate of $1080 per annum; that by reason of the premises, he is entitled to his unpaid salary of $725.83, etc.

An alternative writ of mandamus, substantially following the language of the petition aforesaid, was issued, and respondents, on May 10, 1913, filed their return thereto and allege in substance:

(1)   That the circuit court was without jurisdiction to try the case, in this form of action.

(2)   They admit that they constitute the present Board of Police Commissioners of Kansas City, Missouri.

(3)   They say that relator having served more than one year of probationary service as police detective prior to February 17, 1909, was on said date appointed police detective for three years, at a compensation of $1080 per annum, or $90 per month, as provided in section 6192, Revised Statutes 1899; that from the date of said appointment, up to and including February 17, 1912, relator accepted the sum of $1080 per year as full compensation for his services, except that by mistake he was paid at the rate of $1380 per annum from June 15, 1909, to September 15, 1909; that when said mistake was discovered, he was thereafter paid, and accepted, the sum of $1080 per year, in full satisfaction of his salary from said September 15, 1909, until February, 1912.

It is further averred, that relator's salary, in view of section 48 of article 4, and section 8 of article 14, of the Constitution of Missouri, could not be increased

during his term of office from February 17, 1909, to February 17, 1912.

(4) It is further averred by respondents that from 1909 to 1912, inclusive, there were employed as many officers in the police department of said city as its revenue would permit; that during each of said years, the police department expended all of the money apportioned or appropriated to it; that the Police Commissioners of Kansas City have never had, and have not now, enough money to pay any salaries or parts of salaries, except as heretofore paid; that if the salaries of police officers in the service at the time of the enactment of section 9787, Revised Statutes 1909, had been increased by said statutes to take effect June 14, 1909, the Board of Police Commissioners aforesaid, would have been compelled to reduce the number of officers employed in said police department, and plaintiff would have been discharged; that relator held his position during all of said time, by virtue of the salaries fixed when he was appointed in February, 1909, whereby said board was enabled to retain him in its service.

The return further avers that relator, with full knowledge of all the facts aforesaid, accepted the amount due him twice each month, without objection and in full satisfaction of the amount which Kansas City claimed was due him; that by continuing in said department and accepting the salary paid him, the relator is now estopped to claim any greater or additional compensation.

The reply of relator put in issue the facts set out in respondents' return.

Such portions of the evidence as may be necessary will be considered in the opinion.

The trial court found in substance that the office held by relator was not abolished by the Act of 1909 (Laws 1909, p. 319); that relator was a municipal officer of Kansas City, Missouri, within the contemplation of section 8 of article 14 of our Constitution; and that his salary could not be increased during his term of office. The peremptory writ was accordingly denied, and

judgment in due form entered in behalf of respondents. Relator filed motions for new trial and in arrest of judgment, both of which were overruled, and the cause duly appealed to this court.

I. Section 8 of article 14 of the present Constitution provides, that:

"The compensation or fees of no state, county or municipal officer shall be increased during his term of office; nor shall the term of any office be extended for a longer period than that for which such officer was elected or appointed."

Did relator, when he was appointed police detective on February 17, 1909, for three years from said date, at a salary of $1080 per annum, come within the purview of section 8 of article 14 supra? The safeguards thrown about relator's position, by sections 6189, 6190, 6192 and 6193, Revised Statutes 1899, at the time of his appointment on February 17, 1909, constituted him both a state and municipal officer, and precluded his salary from being raised as long as he held the office under said appointment.

**Police Officers: Increase of Salary.**

In State ex rel. v. Mason, 153 Mo. l. c. 43-4, the Court in Banc, speaking through Judge GANTT, in construing a law relating to police officers, police detectives, etc., similar in some respects to the above sections of the Revised Statutes 1899, said:

"Wherever the Legislature has the right to assume control of a municipal office, it has likewise the right to compel the city to provide for defraying the expenses of such office, and while it is sometimes difficult to draw the line and distinguish whether a given office is of a public or State character or is simply one to subserve a municipal function, it is almost universally conceded that police boards and metropolitan police forces are *State* officers and fall clearly within legislative control."

The conclusion reached in the above case was reaffirmed by the Court in Banc in State ex rel. v. Police Commissioners, 184 Mo. l. c. 133, cited by appellant.

It is evident that if a felony should be committed in Kansas City, Missouri, and there were good grounds for believing that the perpetrator had escaped to some distant part of the State, the respondents would have been justified in calling upon relator, while he was police detective, to locate the criminal and assist in bringing him to trial. These officers who are acting as detectives may not only be sent to various parts of the State, if necessary, in the performance of their duty, but they are likewise municipal officers, as they draw their pay from the city; perform services therein; are subject to the control of the police board thereof; hold their office for a definite time, and their salaries are fixed by legislative enactments.

Without extending the discussion of this subject further, we agree with the trial court that if relator was appointed and held the office of police detective under sections 6192-3, Revised Statutes 1899, while performing the services mentioned in the petition, then he was not entitled to receive but $1080 per annum for such services.

II. It appears from the record that relator was appointed police detective on February 17, 1909, for a period of three years from said date, at a salary of $1080 per annum, but it does *not* appear from the evidence that he was appointed to said office on June 14, 1909, as alleged in the petition, or at any other date, than February 17, 1909, although he performed the duties attached to said office from February 17, 1909, to February 17, 1912. He received during said period the salary of $1080 per annum, except from June 14, 1909, to September 15, 1909 when he was paid $115 per month, or at the rate of $1380 per year.

It is claimed by relator, that the Act of 1909, Laws 1909, page 319, now known as section 9787, Revised Statutes 1909, in terms repealed section 6192, Revised Statutes 1899, fixing his salary at $1080 per annum, and that as he performed the services sued for after the passage of said act of 1909, which increased the salary

269 Mo.—17

of said office to $1380 per annum, he was entitled to $25 per month more than he received from September 15, 1909, to February 17, 1912, amounting to $725-.83.

The Act of 1909 (Laws 1909, page 319) supra, deals with the appointment and salaries of the police force in cities containing 150,000 inhabitants and less than 350,000. Article 9 of the Revised Statutes 1899, of which said section 6192 was a part, dealt with the same general subject, except that it related to cities of 100,-000, and less than 300,000 inhabitants.

The emergency clause in the Act of 1909 discloses on its face that it was dealing with the general subject above mentioned. It read as follows:

"Emergency.—The existing law being inadequate for the appointment and equipment of a sufficient police force in the cities herein mentioned, an emergency exists within the meaning of the Constitution, and this act shall take effect and be in force from and after its passage.

"Approved June 14, 1909."

The Court in Banc of this State, in the recent case of Brown v. Marshall, 241 Mo. l. c. 728, said:

"A subsequent act of the Legislature repealing and reenacting, at the same time, a pre-existing statute, is but a continuation of the latter, and the law dates from the passage of the first statute and not the latter. [State ex rel. v. Mason, 153 Mo. 23, l. c. 58-59; State ex rel. v. County Court, 53 Mo. 128, l. c. 129-130; Smith v. People, 47 N. Y. 330.]"

The Revision Commission of 1909, in line with the above authorities, at the conclusion of section 9787, Revised Statutes 1899, added the following: "(R. S. 1899, sec. 6192, amended, Laws 1909, p. 319.)"

In view of the foregoing authorities, we hold that the Act of 1909 (page 319) supra, is in legal effect, an amendment of section 6192, Revised Statutes 1899, and the case should be disposed of accordingly.

We then have a case where relator was appointed as police detective on February 17, 1909, under section

6192 aforesaid, which fixed his term at three years and his salary at $1080 per annum, undertaking to recover by mandamus $25 per month additional, on account of the amendment of said section 6192 in 1909, which increased the salaries of police detectives in said city to $1380 per annum.

Upon a full consideration of the whole case, we have reached the conclusion, that relator, for the services rendered by him was only entitled to recover at the rate of $1080 per annum; and having received all that was due him at the above ,rate, he is not entitled to maintain this action.

The judgment of the trial court is accordingly affirmed.

*Brown, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.

PER CURIAM:—At the April Term, 1916, an opinion was promulgated affirming the judgment in this cause. A rehearing was granted and the cause redocketed and resubmitted at this term. The only groud of the motion for rehearing was that the opinion omitted consideration of the question whether relator had such a "term" of office as brought him within the purview of section 8 of article 14 of the Constitution of the State, which forbids any increase of the salary of certain officers during their terms of office. There was no evidence supporting respondents' plea of estoppel, and the correctness of the conclusions reached on questions discussed in the former opinion is not now denied. The sole question remaining is whether relator had a "term" within the meaning of the constitutional provision. The solution of this question involves a construction of sections 6189-6192, Revised Statutes 1899.

Section 6189 provided that every policeman and police officer should first serve a probationary term of

one year. This appellant has done. The statute proceeds:

"Having served one year probationary service to the satisfaction of the board, such policeman and police officers may be appointed for an additional term of three years, and shall thereafter be subject to removal only for cause and upon complaint being made, or charges being preferred against them, a copy of which complaint or charges, setting forth the grounds thereof, shall be given to such policeman . . . "

The section then fixed the time and manner of trial on such charges and provided for removal, reprimand or fine, as the board of police commissioners deemed proper in case the accused was found guilty.

Section 6190 provided that the chief of police might suspend policemen and police officers during the pendency of charges, subject to approval of the board at its next meeting. It further provided:

"The board may at any time discharge policemen and police officers for the reason that, in the opinion of the board, the police force is larger than the interests of the public demand, or that there is insufficient money to pay the expenses of maintaining the police force as then organized, and in such cases it shall not be necessary to file any complaint or charges, or permit a hearing by the board, of the policemen or police officers to be removed; but when the vacancies so created shall be filled, the policemen or police officers thus removed shall, if they so desire, be reappointed to fill such vacancies."

Section 6191 provided, among other things, that "policemen and police officers whose term[s] of services have expired and who, during the term of their appointment, shall have faithfully performed their duty shall, if otherwise qualified, be preferred by the board in making new appointments."

Section 6192 fixed the maximum number of policemen and police officers and their salaries, the salary of each of the class of which appellant was a member being fixed at $1080 per annum.

Appellant contends his appointment under these sections constituted no fixed term within the meaning of the constitutional provision above mentioned. He argues that the power of the board to remove, without hearing, when the number of policemen and officers exceeded the number needed or when funds were insufficient to pay the whole force, amounted to a right to remove at pleasure, and, therefore, that he had no "term of office" within the meaning of the Constitution. If the power mentioned is equivalent to one to remove at pleasure, appellant's position is sound under the previous decisions of this court (State ex rel. v. Gordon, 238 Mo. 168) since such a power is incompatible with the existence of an official "term" within the meaning of the Constitution. The statute expressly provided for appointment for a three-year term, but qualified this by vesting the board with power to remove without hearing upon either of the two conditions mentioned, i. e. (1) when the number of police officers or policemen exceeded the number needed, or (2) when there were insufficient funds to pay the force as constituted. We do not think this equivalent to a power to remove at pleasure. Rather the power was given to remove for cause without a hearing.

"Constitutional or statutory provisions which allow a removal only for cause, or for cause and after notice and a hearing, do not apply to a dismissal of an officer, for some reason other than his own act or default, and where there is no intent to appoint another in his place. Thus, where a statute provides for notice and a hearing before removal, an officer may be discharged without either, where the discharge is made because the services which he renders are no longer needed, or no funds are provided with which to pay him . . . The same rule holds where a dismissal is made for the purpose of reducing expenses by diminishing the force." [Throop on Public Officers, sec. 347.]

Thus it appears relator's term would have been subject to termination without a hearing for either of the

reasons mentioned in the statute even had the statute been silent on the subject; unless, of course, the statute excluded removal on these grounds, which is not this case. To hold that these grounds of removal, exercisable without statutory authority on the ground that such removal is rather an abrogation of the office, transform relator's term into one held at the pleasure of the appointing power, would at once remove most officers from the field covered by the constitutional prohibition against increase in salary during their term by converting them into mere place-holders. It has not, so far as we can find, been held that the rule quoted above affects in any way the applicability of the constitutional provision. It is urged, in addition, that under the statute, after the board has discharged policemen because of lack of need for their services or lack of funds, if they refill the positions thus vacated the discharged policemen are entitled to the appointments, if they desire them, and that this right they might enforce by mandamus, and therefore, their status in the interim is one merely of suspension and their term is thus secure to them. In view of what has been said above, we do not deem it necessary to discuss this question. Relator was appointed to a three-year term. He served it in full. He could have been removed, for matters personal to him, solely on notice, charges and a hearing. The power to remove without a hearing was only upon conditions upon which he might have been removed had the statutes not expressly mentioned them. They are conditions upon which most officers hold their positions. They are not such as to convert a term into a holding at pleasure. Relator had an official term within the meaning of the Constitution, and the judgment must be affirmed.