By the Court.
 

 The constitutional validity of Amended Substitute Senate Bill No. 235 (enacted by the 93rd General Assembly of Ohio, 118 Ohio Laws, 644, effective September 6, 1939, and designated in the General Code as Sections 5624-16 to 5624-34, both inclusive) is challenged on the ground, among others, that it is retroactive in operation and effect and therefore'repugnant to that part of Section 28, Article II of the Constitution of Ohio, which provides that: “The General Assembly shall have no power to pass retroactive laws * * *.”
 

 The act provides, in Section 5624-16, General Code, that:
 

 “Special assessments
 
 heretofore
 
 levied shall be unlawful if: * * *
 

 “(b)
 
 It exceeds the actual value of the special and peculiar benefits accruing to the property assessed. The measure of the special and peculiar benefits accruing to a parcel of real property shall be the difference between the true values in money of said property before and after the improvements for which such levy was or is made.” (Italics ours.)
 

 It is clear that the act reaches back into the past and declares that special assessments which were levied prior to its passage shall be unlawful if they do not
 
 *197
 
 square with the rule prescribed therein. That rule provides that the value of special and peculiar benefits accruing from a public improvement shall be measured by the difference between the true value in money of the property before and after such improvement. That rule is new and by it the legality of assessments made prior to its adoption is proposed, under the act, to be determined.
 

 The act further provides, in Section 5624-29, General Code, for agreements to be made between the taxing authorities and the taxpayer after a proceeding before the board of special assessment review has been instituted, the necessary parties determined, and the time for appearance has expired, and permits the board to authorize a compromise of the assessment, a transfer of the assessment to other properties, or to entirely release properties from assessment providing a building or other improvement be erected on all or part of the parcels of land affected by the assessment.
 

 Under this provision, the board is authorized to abate delinquent special assessments even though they are not found to be unlawful or excessive. A compromise agreement, entered into in consideration that the lot owner would build an improvement thereon, would, in effect, be the payment of a bonus by the taxing unit to some property owners at the expense of others.
 

 Borrowing the language of Judge Matthias, found in
 
 Kurtz
 
 v.
 
 City of Columbus, ante,
 
 184, this act “is clearly violative of Section 28 of Article II of the Constitution of Ohio in that it is designed to operate retroactively.”
 

 It is our opinion that the act will operate to invade rights ’of abutting property owners which have become fixed; also, by abating the assessments of those who have become delinquent in the payment of their special assessments, so much of such assessments as will have been abated will have to be paid in the form of general taxes by those not in default. The net effect of the act
 
 *198
 
 will be that new obligations will be imposed upon the general taxpayer with respect to a transaction which transpired prior to its passage.
 

 Such act is clearly retroactive in operation and effect and therefore unconstitutional.
 

 “A statute which imposes a new or additional burden, duty, obligation, or liability, as to past transactions, is retroactive, and in conflict with that part of Section 28, Article II of the Constitution, which provides that, ‘The General Assembly shall have no power to pass retroactive laws.’ ”
 
 Miller
 
 v.
 
 Hixson, Treas.,
 
 64 Ohio St., 39, 59 N. E., 749; see to the same effect,
 
 City of Cincinnati
 
 v.
 
 Seasongood,
 
 46 Ohio St., 296, 21 N. E., 630;
 
 Safford, Supt. of Ins.,
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 119 Ohio St., 332, 164 N. E., 351.
 

 Other grounds of uncons'titutionality were urged by the respondents. However, they need not be considered, since we hold the act unconstitutional and void on the ground that it is retroactive and contrary to Section 28, Article II, of the Constitution of Ohio.
 

 The writ will therefore be denied.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.