*63
 
 Hast, J.,
 

 dissenting. The validity of the immunity certificate provisions of Sections 5398 and 5398-1, General Code, is here drawn in question. Section 5398, General Code, passed June 11,1931, in substance gives a county auditor the power to call before him any person whom he suspects has failed to make a proper tax return for the years 1926 to 1931, inclusive, for examination, and after examination of such person, to place upon the tax duplicate any taxes found to have been omitted by such person either through a false return, the failure to make a return or through an incorrect return, unless the person so called produces a certificate of the Tax Commission of Ohio to the effect that such person made a return in the year 1932 and fully and in good'faith listed therein all his taxable property for that year, in which event the auditor is prohibited from proceeding with the examination of such person with reference to any taxes not returned or omitted for the years 1926 to 1931, inclusive.
 

 Section 5398-1, General Code, provides that such person or his legal representatives called before the county auditor under the preceding section, or any person claiming to have made a return m the year 1932, may apply to the Tax Commission of Ohio for a certificate of immunity from examination under such section and from criminal prosecution, and if it is found that such person made a correct return for the year 1932, the commission shall issue a certificate ol immunity from examination by the auditor and such certificate shall constitute a defense in any criminal prosecution for failure to list any personal property, “moneys, credits, investments in bonds, stocks, joint stock companies or otherwise” for taxation in any year prior to the year 1932, or for making false returns of any such property, or for perjury in making such, returns.
 

 The executor of the estate of Kate Hanna Harvey sought such a certificate of immunity at the hands of
 
 *64
 
 the Tax Commissioner of Ohio, and this appeal, under Section 5611-2, General Code, is from a decision of the Board of Tax Appeals affirming the denial of a certificate by the Tax Commissioner.
 

 The object in securing this certificate and the purpose of the law are to prevent the auditor from proceeding with an examination into the tax liability of tlie estate in question with the hope that the auditor may not be able to place any delinquent taxes for the years 1926 to 1932, on the tax duplicate against the estate in question, and thereby defeat the collection of any such taxes. Whether the issuing of such certificate will accomplish that purpose is not now before the court, but the statutes under consideration providing for a certificate of immunity from examination of the suspected delinquent taxpayer for the years 1926 to 1932, not only create a grossly unjust discrimination against the honest taxpayer who complied with the law from year to year, both in making proper returns and in paying his taxes for the years in question, but violate the letter and spirit of the most salutary provisions of the Constitution.
 

 As before stated, the ultimate purpose of the law is to immunize the evading taxpayer
 
 from, the payment of any personal tax
 
 not voluntarily returned by him for the years 1926 to 1931, inclusive, by granting him a certificate of immunity provided he has made a correct return for the year 1932, in contrast with the taxpayer who has properly and honestly made his tax return and paid his taxes for those years. This clearly violates the most fundamental principle of taxation in this state, that of uniformity and equality. Section 2 of Article Nil of the Constitution, before its amendment in 1929 to permit a classification tax of intangibles, provided that “Laws shall be passed,
 
 taoaing by ■ a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise,
 
 and also all real and personal property according to its
 
 *65
 
 true value in money,” covering items of property identical in terms -with that of Section 5398-1, G-eneral Code. (Italics ours.)
 

 As amended, that section of the Constitution now specifically enumerates and limits the classes of property which may be exempted from taxation by general laws. In this respect, the power of the Legislature is still limited by the equal protection clause of Section 2 of Article I of the Constitution, and the courts will set aside legislative action which denies equal protection of the law to taxpayers of the same class. Clearly, the Legislature cannot create exemptions to certain persons and not to others as to the same class of property. As was said by this court in the case of
 
 State, ex rel. Struble,
 
 v.
 
 Davis,
 
 132 Ohio St., 555, 564, 9 N. E. (2d), 684, “However, a classification to be valid must be a classification of property — the subject of taxation —and not a classification of taxpayers, as was the situation under consideration in the case of
 
 State, ex rel. Hostetter,
 
 v.
 
 Hunt et al., Exrs., post,
 
 568, this day decided.” In fact, no one will claim, and no one in this case does claim that taxation, even since the classified-property constitutional amendment, must not be uniform as to all persons owning the same class of property.
 

 “Taxation by uniform rule” imposes upon the Legislature the duty of passing laws which will secure equality in the burden of taxation and by the same token the Legislature has no power to pass laws which bring about inequality in that respect.
 
 Probasco
 
 v.
 
 Raine,
 
 50 Ohio St., 378, 34 N. E., 536; 38 Ohio Jurisprudence, 882, Section 132;
 
 State, ex rel. Poe,
 
 v.
 
 Jones,
 
 51 Ohio St., 492, 37 N. E., 945. This court in the case of
 
 Bank of Toledo
 
 v.
 
 Toledo,
 
 1 Ohio St., 622, 700, years ago, when intangible property was not so great in volume or so potent in seeking exemptions from the just burdens of taxation, very forcefully said:
 

 “It is clearly an essential quality in the taxing
 
 *66
 
 power, that its burdens be apportioned as near as may be, to the value of each man’s property; and that no
 
 immunities or exceptions
 
 be granted, favoring certain persons and thereby defrauding or oppressing the rest. A contract on the part of the government, to exempt one class of the community, either in whole, or in part, from its just proportion of the burdens of taxation, would be repugnant to the true nature and essential character of this important civil power, an abuse of legislative authority, a violation of the fundamental principle, in regard to the public burdens, upon which alone, persons become members of the community; and therefore, of no binding obligation.” Sec, also,
 
 Exchange Bank
 
 v.
 
 Hines,
 
 3 Ohio St., 1.
 

 Counsel for appellant, admitting that there must be equality of treatment resulting from the legislation in question as between the honest paying taxpayer and the delinquent who has not paid his taxes for the years 1926 to 1932, claim in their brief filed in this case that such equality is to be found in the fact that each is equally entitled to apply for and receive a certificate of immunity from examination as to his taxes for the years 1926 to 1931, inclusive, graciously suggesting, however, that the value of the legislative grant is greater to the delinquent than to the non-delinquent taxpayer. In actuality, rather than theory, this argument runs as follows: If A honestly and correctly returns his property for taxation, becomes liable for taxes in the sum of $100 and pays them when due, while B, who fails to make a return, likewise owes taxes in the sum of $100 but allows them to go delinquent and is later absolved by law from paying them,
 
 both are benefited because both are absolved
 
 from further inquiry or payment. This is indeed superb logic and most comforting to the taxpayer who has honestly paid his taxes, who needs no immunity, and who mil again be called upon to pay increased taxes to make up the shortage created by the nonpaying taxpayer
 
 *67
 
 whose liability for taxes the statutes in question attempt to absolve. A statute which provides that under certain circumstances delinquent taxes may be satisfied in full by the payment of a fraction of the amount originally assessed, classifies taxpayers into two classes, those who pay promptly and those who do not, and allows a remission or discount to the latter, violates a constitutional provision which requires taxes to be uniform upon the same class of subjects.
 
 State, ex rel. Matteson,
 
 v.
 
 Luecke,
 
 194 Minn., 246, 260 N. W., 206, 99 A. L. R., 1053. And the remission, release or compromise of a valid claim for taxes, once authorized by the Legislature, violates the same constitutional provision. 99 A. L. R., 1053, and annotation, 1068.
 

 A law which attempts to create such an inequitable situation is clearly invalid, cannot operate to • extinguish a tax liability theretofore existing, and should be disapproved by this court.
 

 The immunity provisions of the statutes in question are also in conflict with Section 28 of Article II of the Constitution, providing that “the General Assembly shall have no power to pass retroactive laws.” Counsel for appellant admit that if the certificate of immunity would serve to remit taxes which had already been placed on the tax duplicate, the statute would have a retroactive effect and would be void, but contend that this rule does not apply where taxes have not been assessed and placed on the tax duplicate.
 

 The simple fundamental principles upon which this court based its decisions in'the cases of
 
 State, ex rel. Hostetter,
 
 v.
 
 Hunt et al., Exrs.,
 
 132 Ohio St., 568, 9 N. E. (2d), 676, and
 
 State, ex rel. Greenward Realty Co.,
 
 v.
 
 Zangerle, County Aud.,
 
 135 Ohio St., 533, 21 N. E. (2d), 662, apply with.equal force in this case and are decisive thereof in favor of the appellees. The alleged distinction between accrued liability for taxes and assessed taxes, so far as the obligation of the taxpayer is concerned, is without substance or legal dif
 
 *68
 
 ference, especially when it is remembered that this difference or so-called distinction in this case was created by the failure of the delinquent, law-violating taxpayer, whose estate is now seeking a certificate of immunity, to comply with the law and make a proper return for the years 1926 to 1932. Under the law, intangible taxes automatically accrue through the ownership of property on the taxing date and the operation of the statutes fixing the rate of tax. Its assessment, or listing, is a mere incident, a ministerial duty, the omission of which by either the taxpayer himself, whose duty it is to make the return, or the taxing officer, whose duty it is to place it on the tax duplicate, will not extinguish the tax liability.
 

 If taxes, as distinguished from penalties and interest, cannot be remitted by the Legislature as has been repeatedly held by this court
 
 (Commissioners
 
 v.
 
 Rosche Bros.,
 
 50 Ohio St., 103, 113, 33 N. E., 408;
 
 State, ex rel. Hostetter,
 
 v.
 
 Hunt et al., Exrs., supra; State, ex rel. Struble,
 
 v.
 
 Davis, supra; State, ex rel. Crotty,
 
 v.
 
 Zangerle,
 
 133 Ohio St., 532, 14 N. E. [2d], 932;
 
 State, ex rel. Szalay,
 
 v.
 
 Zangerle,
 
 137 Ohio St., 195, 28 N. E. [2d], 592), by what principle may liability for taxes be extinguished and remitted? The reason for the rule against remission as stated in the
 
 Hunt case, supra,
 
 is that the remission of taxes to one taxpayer results in an inequality of tax burden and discrimination against other taxpayers similarly situated, and the same result clearly follows when a tax liability which automatically will ripen into collectable taxes is remitted. In other words, the same vice is inherent in any legislation which relieves a taxpayer from his just and equitable tax burden whether it be directed to relief from assessed taxes or tax liability already accrued. While the majority opinion in the case of
 
 Black et al., Exrs.,
 
 v.
 
 Evatt, Tax Commr., ante,
 
 52, this day decided, and upon authority of which this case is decided, attempts to make a distinction between the remission of the
 
 *69
 
 taxes actually assessed and the remission of a tax liability already accrued under the law, no authority or reason is given as to how or why a remission of tax liability does not equally offend the tax equality provisions of the Constitution. Upon this subject, Judge Myers in the case of
 
 State, ex rel. Hostetter,
 
 v.
 
 Hunt et al., Exrs., supra,
 
 very forcefully said:
 

 “If it is shown that the taxpayer makes a return of taxable property for 1932 as per Section 5398, General Code, and in' good faith lists therein all the personal taxable property in the year 1932, thereupon such taxpayer may make application to the Tax Commission for a certificate of immunity from the collection of omitted taxes for the years 1926 to 1930, inclusive. Is such an arrangement permitted by Section 2 of Article I of the Constitution? Obviously it is not an arrangement for the future but a contrivance to remit obligations of the past. It is clearly retroactive and in violation of Section 28 of Article II of the Constitution. In such a case can it be said that the taxpayer who met his obligations for all five years is on the same footing with the delinquent taxpayer who is not only being forgiven the penalty on the taxes but the entire amount thereof? For it must be remembered that we have here a situation dealing not with penalties alone but with the remission of the entire amount of the tax. ‘It is a generally recognized principle of the law of taxation that a statute authorizing the acceptance, directly or indirectly, of a part of the tax in satisfaction of the whole, is unconstitutional as a denial of the equal protection of the laws and as a disregard of the equality and uniformity of treatment of all taxpayers, where it may be applied as a favoritism extended to the property owner, or some one acting for him, and not as a permission to the local officers to accept less than the full amount due only because actual test has demonstrated that no more can be obtained.’ ”
 

 The record in this case shows that Kate Hanna Har
 
 *70
 
 vey was the owner of more than $1,100,000 of intangibles in 1932 upon which her estate is seeking a certificate of immunity. There does not exist one sound reason why it should be granted when the only purpose for its issue will be an attempt to escape from all taxes not returned by her on this large estate for a period of six years, during which time every home owner and every taxpayer in Cuyahoga county, where she resided, has been obliged to pay the full amount of his taxes covering the same period of time. The granting of this certificate will be the first step in this process of illegality. For that reason the certificate should be denied and the decision of the Board of Tax Appeals should be affirmed.
 

 Weygandt, C. J., and Williams, J., concur in the foregoing dissenting opinion.