Hart, J.
 

 This controversy involves the construction which is to be given to Sections 1465-68a and 1465-70, General Code, as amended, both effective May 26, 1939 (118 Ohio Laws, 422 and 426).
 

 Section 1465-68o, General Code, as amended, provides, among other things, that the dependent of an employee whose death is caused by any occupational disease as therein defined, shall on and after July 1, 1921, be entitled to compensation provided under the Workmen’s Compensation Act with certain exceptions not necessary to be here considered. For the first time, the statute, as thus amended, covered all occupational diseases, including the disease of carbon monoxide poisoning which is involved in this action. The date from which claims for such compensation may be lawfully asserted, namely July 1, 1921, has been continuously in this section of the statute since its first enactment, effective August 5, 1921 (109 Ohio Laws, 183).
 

 Section 1465-70, General Code, as amended effective May 26, 1939, is as follows, the italicized portion indicating the additions made by the amendment and the asterisks indicating the deletions: .
 

 “Employers who comply with the provisions of * * *
 
 Section 1465-69
 
 shall not be liable to respond in damages at common law or by statute, * * * for
 
 any
 
 injury,
 
 disease or bodily condition, whether such injury, disease or bodily condition is compensable under this act or not,
 
 or
 
 for any
 
 death
 
 resulting from such injury, disease or bodily condition,
 
 of any employee, wherever occurring, during the period covered by such
 
 *201
 
 premium so paid into the .state' insurance fund, or during the interval of time in which such- employer is permitted to pay such compensation direct to his injured or the dependents of his killed employees as herein provided.
 

 “No action against an employer, who has 'complied with the provisions of Section 1465-69, to recover damages at common law or by statute for any injury, disease or bodily condition, or death resulting from any injury, disease or bodily condition, of an employee arising out of his employment by such employer shall be commenced after 180 days after the effective date of this act.”
 

 The chronology of events, important for the consideration and decision of this case, as shown by the record, is as follows:
 

 Date of contraction of chronic carbon monoxide poisoning by plaintiff’s decedent, November 26,1938; date of death of plaintiff’s decedent, February 8, 1939; effective date of amendment of Sections
 
 1465-68a
 
 and 1465-70, General Code, May 26,1939; and date of filing plaintiff’s petition, October 25, 1939.
 

 This court has held that the cause of action of a dependent of a killed employee accrues at the time the employee dies from an injury received in the course of and arising out of his employment.
 
 Industrial Commission
 
 v.
 
 Kamrath,
 
 118 Ohio St., 1, 160 N. E., 470. Plaintiff’s cause of action, therefore, arose on February 8,1939, the date of the death of plaintiff’s decedent. Chronic carbon monoxide poisoning did not, under, the law, become a compensable disease until May 26, 1939, and was neither so compensable at the time plaintiff’s decedent contracted the disease nor at the time of his death, when plaintiff’s cause of action arose.
 

 Assuming that (aside from the retroactive effect of Section 1465-68&, General Code, making compensable the disease of chronic carbon monoxide poisoning) a claimant had a common-law action against his employer
 
 *202
 
 on account of the contraction of such disease as the result of the negligence of such employer, he could prosecute such action on any such claim which arose prior to May 26, 1939, provided his petition was filed not later than November 22, 1939, the limitation date fixed by Section 1465-70, General Code, for the bringing of such actions. The question here to be determined is whether the amendment of Section 1465-68®, General Code, effective May 26, 1939, giving a right to compensation under the Workmen’s Compensation Act to a claimant whose claim is based upon chronic carbon monoxide poisoning contracted at any time since July 1, 1921, under the limitations of Section 1465-70, General Code, as amended effective May 26, 1939, bars such common-law action accruing before the amendment became effective, unless such common-law action is barred by the requisite lapse of time.
 

 The Court of Appeals held that a common-law action accruing before the amendment of Section 1465-68®, General Code, became effective, as did the cause of action of the plaintiff herein, was not barred and this court is in accord with that view.
 

 The claim is made by the defendant that, by force of Section 35 of Article II of the Constitution, a bar automatically becomes effective whenever a right to compensation accrues under the statute. The pertinent part of this constitutional provision is as follows:
 

 “Such compensation, shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease.”
 

 But this provision of the Constitution has no force or efficacy unless the claim or cause of action of the plaintiff, arising as it did on February 8, 1939, is controlled by the retroactivity of the statute.
 

 
 *203
 
 The Constitution on this subject, Section 28 of Article II, provides:
 

 ‘ ‘ The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.”
 

 In the interpretation of this latter provision of the Constitution, it has been generally held that a statute which relates exclusively to remedial rights is not within the purview of the constitutional inhibition against the legislative enactment of retroactive laws.
 
 Smith
 
 v.
 
 New York Central Rd. Co.,
 
 122 Ohio St. 45, 170 N. E., 637, and cases cited.
 
 State, ex rel. Slaughter,
 
 v.
 
 Industrial Commission,
 
 132 Ohio St., 537, 9 N. E. (2d), 505;
 
 Terry
 
 v.
 
 Anderson,
 
 95 U. S., 628, 633, 24 L. Ed., 365.
 

 The question then arises as to whether the statute retroactively took away plaintiff’s cause of action which had theretofore accrued and substituted therefor another substantive right, that of compensation under the Workmen’s Compensation Act. Justice Story defines a retrospective, or retroactive law, as follows:
 

 “Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective.”
 
 Society for Propagation of Gospel
 
 v.
 
 Wheeler,
 
 2 Gall., 105, 139. See, also,
 
 State, ex rel. Crotty,
 
 v.
 
 Zangerle, Aud.,
 
 133 Ohio St., 532, 535, 14 N. E. (2d), 932. This definition has been approved by this court in
 
 Rairden
 
 v.
 
 Holden, Admr.,
 
 15 Ohio St., 207;
 
 Commissioners
 
 v.
 
 Rosche Bros.,
 
 50 Ohio St.; 103, 33 N. E., 408, 40 Am. St. Rep., 653, 19 L. R. A., 584;
 
 Safford, Supt. of Ins.,
 
 v.
 
 *204
 

 Metropolitan Life Ins. Co.,
 
 119 Ohio St., 332, 164 N. E., 351; and was adopted by the Supreme Court of the United States in
 
 Sturges
 
 v.
 
 Carter, Treas.,
 
 114 U. S., 511, 29 L. Ed., 240, 5 S. Ct., 1014.
 

 This court has heretofore held that Section 28 of Article II of the Constitution prohibiting the passage of retroactive laws has application to laws disturbing substantive rights.
 
 State, ex rel. Slaughter,
 
 v.
 
 Industrial Commission, supra; Safford, Supt. of Ins.,
 
 v.
 
 Metropolitan Life Ins. Co., supra.
 
 This court has pointed out that a fundamental distinction exists between a law changing accrued substantive rights and a law which changes the remedy for the enforcement of those rights.
 
 State, ex rel. Slaughter,
 
 v.
 
 Industrial Commission, supra; Smith
 
 v.
 
 New York Central Rd. Co., supra;
 
 8 Ohio Jurisprudence, 563, Section 428; 37 Ohio Jurisprudence, 817, Section 497.
 

 The authorities are uniform to the effect that a law which creates a right or imposes an obligation where none existed before and which relates back so far as to confer upon a party the benefit of such right or the burden of such obligation, effective before the effective date of the law, is unconstitutional.
 

 If the legislation in question extinguished or attempted to extinguish plaintiff’s common-law right of action, it dealt with rights and not remedies. Doubtless, for this reason, the Legislature did not attempt to extinguish common-law causes of action for injury to or death of employees injured or killed while in the course of employment, which causes of action had already accrued before the effective date of the amendment of Section 1465-70, General Code, but instead provided that they might still be prosecuted if the petition was filed within 180 days from that date. If the statute created a right to compensation which did not theretofore exist, it was dealing with a new substantive right, and the fact that the legislation has the effect of extinguishing one type of right and creating
 
 *205
 
 another in lieu thereof, does not make it remedial legislation as to the rights involved. Remedies have to do with the methods and procedure by which rights are recognized, protected and enforced, not with the rights themselves. In the opinion of the court, the attempt retroactively to give claimant a right to compensation in lieu of an accrued right of action at law is inhibited by the provisions of the Constitution. This applies not only to the right of the claimant but to the right of the employer as well. As to the accrued cause of action, the plaintiff is obliged to prove negligence upon the part of the employer as the basis of her right to recovery. Unless such negligence is shown upon the part of the employer, there is no liability.
 

 On the other hand, the compensation, which the statute attempted to give, changes completely the nature of the right of the. plaintiff and casts upon the employer the additional burden of providing an insurance fund for the death of plaintiff’s decedent without regard to whether his death came about by any wrongful. or negligent act upon the part of the employer.
 

 In this case, the Court of Appeals took the position that the effective date set in the statute, Section 1465-
 
 68a,
 
 General Code, giving the Industrial Commission jurisdiction of claims based upon certain occupational diseases from and after that date, had a prospective operation when the section was first adopted in 1921; but that it could not be claimed that such date, carried forward in the statute when amended from time to time to cover additional occupational diseases, gave the statute retroactive operation as to claims based upon such occupational diseases subsequently made compensable by such amendments. There is warrant for that view.
 

 Section 16 of Article II of the Constitution provides that “no law shall be revived, or amended unless the new act contains the entire act revived, or the section
 
 *206
 
 or sections amended, and the section or sections so amended shall be repealed.”
 

 The courts have generally held, notwithstanding this and similar constitutional provisions, that where an act is amended, the part of the original act which remains unchanged is to be considered as having continued in force as the law from the time of its original enactment, and new portions as having become the law only at the time of the amendment. Black on Interpretation of Laws (2 Ed.), 579 and 582, Sections 168 and 169; 1 Sutherland Statutory Construction (2 Ed.), 441 and 445, Sections 237 and 238;
 
 McKibben
 
 v.
 
 Lester,
 
 9 Ohio St., 627;
 
 State, ex rel. McLaughlin,
 
 v.
 
 City of Newark, 57 N.
 
 J. L., 298, 30 A., 543.
 

 The court in the last cited case says that “by observing the constitutional form of amending a section of a statute the Legislature does not express an intention then to enact the whole section as amended, but only an intention then to enact the change which is indicated. Any other rule of construction would surely introduce unexpected results and work great inconvenience.” See, also, 25 Ruling Case Law, 907, Section 159;
 
 State, ex rel. Richards, Atty. Genl.,
 
 v.
 
 Cincinnati,
 
 52 Ohio St., 419, 445, 40 N. E., 508, 27 L. R. A., 737;
 
 State
 
 v.
 
 Vause,
 
 84 Ohio St., 207, 217, 95 N. E., 742, Ann. Cas. 1912C, 513;
 
 State, ex rel. Durr, And.,
 
 v.
 
 Spiegel,
 
 91 Ohio St., 13, 109 N. E., 523;
 
 State, ex rel. Greenlund,
 
 v.
 
 Fulton, Secy, of State,
 
 99 Ohio St., 168, 177, 124 N. E., 172;
 
 State, ex rel. Truman,
 
 v.
 
 Jost,
 
 269 Mo., 248, 191 S. W., 38.
 

 It would therefore seem that the provision in the law as originally enacted, that it should take effect on July 1, 1921, is not applicable to claims for occupational diseases made compensable for the first time by the amendment now under consideration which did not become operative until May 26, 1939, in accordance with the express provision of the emergency clause thereto attached providing that the amendment should go into
 
 *207
 
 effect immediately. Otherwise, a construction that would make these amendments retroactively effective from July 1,1921, would create claims having no prior existence, some of which would have been already barred by the statute of limitation.
 

 Furthermore, the legislation itself, when the two amended sections above noted are fully considered, does not express any clear intent that the accrued common-law cause of action of the plaintiff was to be extinguished or that the compensation for carbon monoxide poisoning was to apply retroactively to the claim of the plaintiff. No occupational disease fund had been provided to take care of claims for death by carbon monoxide poisoning arising prior to the effective date of the amendment of the statute making such claims compensable as is required by Section
 
 1465-69b,
 
 General Code. Lastly, the fact that the Legislature in amending Section 1465-70, General Code, expressly provided that “no action against an employer, who has complied with the provisions of Section 1465-69, to recover damages at common law or by statute for any injury * * * or death resulting from * * * disease * * * of any employee arising out of his employment by such employer shall be commenced after 180 days after the effective date of this act,” indicates that the Legislature did not have in mind the extinguishment of such common-law rights of action before the limitation of time within which actions could be brought thereon. Otherwise, this provision brought into the statute for the first time by amendment would be purposeless since all occupational diseases were from the date of amendment included as compensable.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Turner, Williams, Matthias, Zimmerman and Bettman, JJ., concur.
 

 Weygandt, C. J., concurs in paragraphs one and two
 
 *208
 
 of the syllabus, but dissents from the judgment and paragraph three of the syllabus.