By the Court.
 

 The single question here involved is the constitutionality of Section 2590-1, General Code, which reads as follows:
 

 “Whenever any penalty, interest or other charge for nonpayment when due of any real estate tax and/or assessment is paid by any person, firm or corporation charged with or legally authorized to pay same, which said penalty, interest or other charge after such payment is or has been remitted or abrogated, conditionally or otherwise, by act of the Legislature or otherwise, any such penalty, interest or other charge paid since the 20th day of June, 1930 and prior to January 1st, 1937, is hereby expressly remitted and abrogated, on application to the county auditor by such person, firm or corporation on or before the first day of January, 1940, such penalty, interest and charges so paid shall be refunded to such person, firm or corporation on the order of the county auditor directed to the county treasurer.”
 

 The relator and the Common Pleas Court place great reliance upon the decision of this court in the case of
 
 Commissioners
 
 v.
 
 Rosche Bros.,
 
 50 Ohio St., 103,
 
 *534
 
 33 N. E., 408, 40 Am. St. Rep., 653, 19 L. R. A., 584; 98 A. L. R., 288, but no reference is made to it in tbe majority opinion of the Court of Appeals. Tbe first paragraph of tbe syllabus in that case is as follows:
 

 “Tbe act entitled ‘an act to provide for refunding of taxes erroneously paid under Section 2742, Revised Statutes of Ohio, in counties containing a city of tbe first grade of tbe first class,’ passed April 16, 1890 (87 Ohio Laws, 212), in so far as it imposes an obligation on tbe county of Hamilton, on account of past transactions, is retroactive and in conflict with Section 28, of Article II, of tbe Constitution of this state.”
 

 On tbe question of tbe retroactive nature of tbe statute now under scrutiny, tbe rationale of Judge Bradbury is so cogent and pertinent that tbe following part of bis opinion is here quoted:
 

 “However steadily we may keep in mind tbe general rule, that statutes should be construed to operate prospectively only, when susceptible of that construction, there still remains little, if any, doubt, that tbe Legislature intended tbe above quoted statute to operate retrospectively; and it is only little less certain that tbe object was to vitalize tbe claims of tbe defendants in error, and of others in Hamilton county in like situation. At. least tbe language of tbe statute is explicable upon no other hypothesis than that it was intended to operate upon past transactions; tbe only doubt in this respect is whether its operation should not be limited to past events, and its prospective operation denied altogether. Tbe words of tbe statute uniformly refers [refer] to tbe past, in presenting tbe circumstancés that are to set it in operation. Tbe language is, ‘If any
 
 * *
 
 * auditor “has sent” a blank with instructions, which instructions “have been” erroneous, and a return “has been made” accordingly,’ etc., then a recovery may be bad. Tbe statute, therefore, should be held to be retroactive, and apply to tbe state of facts that constitutes tbe cause of action of tbe defendant in error.
 

 
 *535
 
 "However every statute that is designed to act retrospectively is not retroactive within the terms of Section 28, of Article II, of the Constitution of 1851, which forbids the General Assembly of this state to pass ‘retroactive’ laws. Whether a statute falls within the prohibition of this provision of the Constitution depends upon the character of the relief that it provides. If it creates a new right, rather than affords a new remedy to enforce an existing right, it is prohibited by this clause of the Constitution of this state.
 

 "Judge Story defines a retrospective, or retroactive law, as follows: ‘ Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective.’
 
 The Society, etc.,
 
 v.
 
 Wheeler,
 
 2 Gall. 104-139. This definition was approved by this court in
 
 Bairden et al.
 
 v.
 
 Holden,
 
 15 Ohio St., 207. It was also adopted by the Supreme Court of the United States in
 
 Sturges
 
 v.
 
 Carter,
 
 114 U. S., 511.
 

 "The statute under consideration, when tested by these principles, operates retroactively in its application to the claim of defendants in error. The last payment of the taxes that they sought to recover, was made more than nine years before the law was passed. The property had been listed and the taxes thereon paid voluntarily. They interposed no objection or protest to the payment, nor was any threat or offer made by the county treasurer to compel payment by summary or other process provided by statute for that purpose. For money paid under these circumstances the well settled law of this state, as it then stood, and remained up to the time of the passing of this statute, forbid a recovery.
 
 Mays
 
 v.
 
 Cincinnati,
 
 1 Ohio St., 268;
 
 Marietta
 
 v.
 
 Slocomb,
 
 6 Ohio St., 471;
 
 Wilson
 
 v.
 
 Belton,
 
 40 Ohio St., 306;
 
 Whitbech, Treas.,
 
 v.
 
 Minch,
 
 48 Ohio St., 210. Nor did the circumstances under which it was listed constitute such an error as might be corrected,
 
 *536
 
 and a refunding order drawn by the county auditor by virtue of Sec. 1038, Revised Statutes, for the excess that was thus paid.
 
 State
 
 v.
 
 Commissioners,
 
 31 Ohio St., 271;
 
 State, ex rel.,
 
 v.
 
 Cappellar,
 
 5 W. L. B., 833. Therefore when the defendants in error voluntarily, though erroneously, listed their property, and voluntarily paid the taxes assessed upon it, neither by statute nor by any principle of the common law as administered in Ohio, was an obligation imposed upon the county of Hamilton to refund the money received. If such an obligation had existed, the forms of procedure then provided by our system of practice, were ample to afford complete relief. The obstacle in the. way of the defendants in error was not inadequate methods of procedure, but the absence of a law vesting in them a right to recovery. This want the statute under consideration attempted to supply.
 

 “This statute, it is contended, is remedial, and remedial statutes may be retroactive. It is remedial no doubt, in that enlarged sense of that term, where it is employed to designate laws made to supply defects in, or pare away hardships of, the common law, but not remedial in the sense of providing a more appropriate remedy than the law before afforded, to enforce an existing right or obligation. The statute under consideration provided no new method of procedure; it simply imposed upon Hamilton- county an obligation towards these plaintiffs in error that did not attach to the transaction when it occurred. In attempting to accomplish this result the Legislature transcended its constitutional powers.
 

 “Counsel contend that the statute is in furtherance of natural justice, and that the clause of the Constitution under consideration does not prohibit retroactive laws of that character.
 
 Lewis, Trustee,
 
 v.
 
 McElvain,
 
 16 Ohio, 347;
 
 Trustees
 
 v.
 
 McCaughy,
 
 2 Ohio St., 152;
 
 Acheson
 
 v.
 
 Miller,
 
 2 Ohio St., 203;
 
 Burgett et al. v. Norris,
 
 25 Ohio St., 308.
 

 “To uphold a statute on this ground, where it seeks
 
 *537
 
 to create a liability upon a past transaction, where none existed when it occurred, if it can be done at all, the natural justice of the object sought to be accomplished should be indisputable.”
 

 It should be observed that the
 
 Bosche case
 
 related to a statute providing for the refunding of taxes
 
 illegally
 
 assessed and
 
 erroneously
 
 paid. It is inescapable that if such legislation be constitutionally invalid,
 
 a fortiori
 
 the same defect is inherent in the present statute involving a refunding of revenues
 
 legally
 
 assessed and
 
 properly
 
 paid. The decision in the
 
 Bosche case
 
 has not been overruled or modified by this court. However, it is claimed by the respondents that this decision cannot be considered as decisive of the instant question inasmuch as the former involved “taxes” while the latter relates merely to “penalties” and “interest.” It is true that in certain jurisdictions a distinction has been drawn between taxes on one hand and interest and penalties on the other. But the controlling question here is whether they are so considered by the statutes of Ohio. Counsel agree that in this state the' law requires that such interest and penalties be
 
 charged
 
 upon the
 
 tax
 
 duplicate, that they be
 
 collected
 
 as a part of the
 
 taxes,
 
 and that they be
 
 distributed
 
 as
 
 taxes.
 
 As illustrative of this view of the Legislature, Section 5678, General Code, provides that when taxes, assessments and penalties are not paid “the total of such amounts shall constitute the delinquent taxes and assessments on such real estate to be collected in the manner prescribed by law.” Section 5679, General Code, similarly provides in part as follows:
 

 “If the first half of the taxes and assessments charged upon any real estate is paid on or before the twentieth day of December, as provided by law, but the remaining half thereof is not paid on or before the twentieth day of June next thereafter, or collected prior to the next September settlement, as provided by law, or if the total amount of such taxes and assess
 
 *538
 
 ments payable in monthly installments as provided by law is not collected prior 'to such September settlement, a like penalty shall be added to such unpaid taxes and assessments, and they shall be treated as delinquent taxes and assessments, and, with the taxes and assessments of the current year, collected as aforesaid.
 

 “The penalties provided for in Section 5678 of the General Code and in this section shall be in lieu of one year’s interest on the principal amount of such unpaid taxes and assessments; but if any semi-annual installment of taxes and assessments payable on or before the twentieth day of December, or any such installment payable on or before the twentieth day of June, or any monthly installment of taxes and assessments payable on or before the date of the February settlement or any such installment payable on or before the date of the September settlement remains unpaid for more than a year after such date, interest at the rate of six per centum per annum on the amount thereof so remaining unpaid shall be charged upon the duplicate from the expiration of such year until such taxes, assessments, penalties, and interest are paid, or until the date of the September settlement next preceding the entry of such real estate upon the delinquent land list. ’ ’
 

 Other statutory references might be made but they are not necessary. Clearly interest and penalties upon delinquent taxes must be considered as part of the taxes for the purpose of solving the question here presented. Hence the decision in the
 
 Rosche case
 
 requires' this court to hold that the statute involved in the instant case is retroactive in its nature and therefore violative of Section 28 of Article II of the Constitution of Ohio.
 

 Likewise this court is of the opinion that this statute is patently repugnant to the equal protection clauses of Section 2 of Article I of the Constitution of Ohio
 
 *539
 
 and Section 1 of Article XIV of the Amendments to the Constitution of the United States. In this respect it is unnecessary to do more than note the arbitrary and unexplained date when the privilege is conferred and the equally arbitrary and unexplained date after which the privilege is denied. The discriminatory nature of the statute is shown by the further arbitrary requirement that payments of interest and penalties shall be refunded from the
 
 county
 
 treasury alone, irrespective of whether the monies are still in possession of the county or may have been distributed to the numerous taxing subdivisions entitled to receive them.
 

 The decree of the Court of Appeals is reversed, and the relator is hereby granted the injunctive relief he asked and received in the Court of Common Pleas.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.