**[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 308.]**

BOARD OF EDUCATION OF THE CINCINNATI SCHOOL DISTRICT, APPELLANT, *v.* HAMILTON COUNTY BOARD OF REVISION ; MIRGE CORPORATION, APPELLEE.

[Cite as *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 2001-Ohio-46.]

*Taxation—Real property valuation—Valuation complaint has been "prepared and filed" by an attorney for purposes of determining whether jurisdiction has vested in a county board of revision, as contemplated by Sharon Village Ltd. v. Licking Cty. Bd. of Revision, when—R.C. 5715.19, as amended by Sub.H.B. No. 694, may not be constitutionally applied to permit the refiling of once-dismissed R.C. 5715.19 complaints challenging valuations for tax years prior to the effective date of Sub.H.B. No. 694.*

(No. 00-692—Submitted November 28, 2000—Decided April 11, 2001.)

APPEAL from the Board of Tax Appeals, Nos. 99-P-1462, 99-P-1463 and 99-P-1464.

———————————

**SYLLABUS OF THE COURT**

1.  An attorney who signs an R.C. 5715.19 valuation complaint in his or her capacity as an attorney-at-law and files it, or directs its filing, in accord with R.C. Chapter 5715, has thereby "prepared and filed" that complaint for purposes of determining whether jurisdiction has vested in a county board of revision, as contemplated by *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932.

2.  R.C. 5715.19, as amended by Sub.H.B. No. 694, may not be constitutionally applied to permit the refiling of once-dismissed R.C. 5715.19 complaints challenging valuations for tax years prior to the effective date of Sub.H.B.

No. 694.  Such an application violates Section 28, Article II of the Ohio Constitution, which prohibits the enactment of retroactive legislation.

———————————

**MOYER, C.J.**

{¶ 1} In 1998, subsequent to our decision in *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, the General Assembly enacted Sub.H.B. No. 694, effective March 30, 1999, 147 Ohio Laws, Part III, 5373.  The bill became law without the signature of the Governor.  *Id*. at 5378.  The preamble to the legislation characterized its purpose to be "to amend sections 5715.13[1] and 5715.19 of the Revised Code to clarify who may file a complaint [challenging real property valuation assessments] with a county board of revision."  *Id*. at 5373.  The amended statutes permit the filing of a complaint by a person owning taxable property and also by certain persons who are not lawyers.[2]  As relevant herein, amended R.C. 5715.19 authorizes corporate officers to file valuation complaints on behalf of their corporation.

{¶ 2} The syllabus to *Sharon Village* provides, "The preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of

———————————

1.  R.C. 5715.13, as amended by Sub.H.B. No. 694, provides:

"The county board of revision shall not decrease any valuation unless a party affected thereby or who is authorized to file a complaint under section 5715.19 of the Revised Code makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made."

2.  R.C. 5715.19(A)(1), as amended by Sub.H.B. No. 694, authorizes the following nonlawyers to file tax reduction complaints on behalf of real property owners:  "an individual who is retained by [the owner or the owner's spouse] and who holds a designation from a professional assessment organization, such as the institute for professionals in taxation, the national council of property taxation, or the international association of assessing officers, a public accountant who holds a permit under section 4701.10 of the Revised Code, a general or residential real estate appraiser licensed or certified under Chapter 4763. of the Revised Code, or a real estate broker licensed under Chapter 4735. of the Revised Code, who is retained by such a person; if the person is a firm, company, association, partnership, limited liability company, or corporation, an officer, a salaried employee, a partner, or a member of that person; if the person is a trust, a trustee of the trust."  147 Ohio Laws, Part III, 5373-5374.

law." *Sharon Village* reaffirmed existing precedent that the filing of a verified complaint pursuant to R.C. 5715.13 and 5715.19 is requisite to the vesting of jurisdiction in a board of revision, and failure to fully and properly complete the complaint justifies dismissal of the action. *Id.,* 78 Ohio St.3d at 481, 678 N.E.2d at 934, citing *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 67 O.O.2d 296, 313 N.E.2d 14. In *Sharon Village* we affirmed the dismissal, for lack of jurisdiction, of a valuation complaint prepared and filed on behalf of a corporation by a nonattorney, who was thereby engaging in the unauthorized practice of law.

{¶ 3} Sub.H.B. No. 694 also created an exception to the general rule set forth in R.C. 5715.19(A)(2)[3] that a real property taxpayer is, in the absence of a showing of a change in circumstances, prohibited from filing successive valuation complaints in the same triennium. See *Elkem Metals Co., L.P. v. Washington Cty. Bd. of Revision* (1998), 81 Ohio St.3d 683, 693 N.E.2d 276. This exception provides that "[i]f a county board of revision, the board of tax appeals, or any court dismisses a complaint filed under [section 5715.19] or section 5715.13 of the Revised Code for the reason that the act of filing the complaint was the unauthorized practice of law or the person filing the complaint was engaged in the unauthorized practice of law, the party

---

3. R.C. 5715.19(A)(2) provides, just as it did before the enactment of Sub.H.B. No. 694, as follows:

"As used in division (A)(2) of this section, 'interim period' means, for each county, the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again.

"No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

"(a) The property was sold in an arm's length transaction, as described in section 5713.03 of the Revised Code;

"(b) The property lost value due to some casualty;

"(c) Substantial improvement was added to the property;

"(d) An increase or decrease of at least fifteen percent in the property's occupancy has had a substantial economic impact on the property."

affected by a decrease in valuation or the party's agent, or the person owning taxable real property in the county or in a taxing district with territory in the county, may refile the complaint, notwithstanding division (A)(2) of this section." R.C. 5715.19(A)(3), 147 Ohio Laws, Part III, 5374-5375.

{¶ 4} In addition, Sub.H.B. No. 694 included the following uncodified language in Section 3 of the Act:

"The amendment by this act of sections 5715.13 and 5715.19 of the Revised Code is remedial legislation and applies to any complaint that was timely filed under either of these sections respecting valuations for tax year 1996 or 1997, and to complaints filed for tax years 1998 and thereafter. Notwithstanding division (A)(2) of section 5715.19 of the Revised Code, any person authorized by this act to file a complaint under section 5715.13 or 5715.19 of the Revised Code that timely filed a complaint for tax year 1996 or 1997 may file a complaint under those sections, as amended by this act, on or before March 31, 1999, respecting valuations for tax year 1996, 1997, or 1998, and the board of revision shall proceed to hear the complaint as otherwise provided under Chapter 5715. of the Revised Code."[4] 147 Ohio Laws, Part III, 5378.

{¶ 5} This court considered a valuation complaint filed prior to the effective date of Sub.H.B. No. 694 by appellant herein, Mirge Corporation, d.b.a. Electrical Mechanics ("Mirge"), in *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 85 Ohio St.3d 156, 707 N.E.2d 499.[5] That complaint had been prepared, signed and filed on behalf of the corporation by Mirge's vice president,

_____

4. Subsequently, Sections 149 and 150 of Am.Sub.H.B. No. 283 authorized refiling of complaints relative to tax years 1994 and 1995 as well, and extended the deadline for refiling until March 31, 2000.

5. The opinion cited as *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 85 Ohio St.3d 156, 707 N.E.2d 499, in fact resolved four cases consolidated by this court, including *Mirge Corp. v. Hamilton Cty. Bd. of Revision*, case No. 97-2423.

rather than an attorney, and challenged the assessed value of the corporation's property located at 2570 Gobel Court in Cincinnati for tax year 1996. In finding that the complaint failed to vest jurisdiction in the board of revision, we reaffirmed our prior holding that a " 'corporation cannot maintain litigation *in propria persona*, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law.' " *Id.* at 160, 707 N.E.2d at 502, quoting *Union Savings Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558, syllabus.

{¶ 6} On March 30, 1999, Mirge filed a new complaint, the subject of this appeal, with the Hamilton County Board of Revision, as authorized by Sub.H.B. No. 694. This was, in effect, a refiling of the complaint at issue in *Worthington City School Dist. v. Franklin Cty. Bd. of Revision*, *supra*. The complaint again contested the assessed value of its real property at 2570 Gobel Court in Cincinnati for tax year 1996.

{¶ 7} Mirge asserted that the property's taxable value should be reduced from $227,920 to $47,575. It contended that the lowered valuation corresponded to the actual sales price of the property when Mirge acquired it on August 8, 1995. The 1999 Mirge complaint, which was executed on a printed form, listed attorney Franklin A. Klaine, Jr., as agent for Mirge. Klaine also signed the bottom of the complaint form as "Franklin A. Klaine, Jr., Attorney for Mirge Corp." In addition, the 1999 complaint bore the sworn signature of Walter Higginbothan, vice president of Mirge, who signed as "complainant or agent," indicating his declaration under penalty of perjury that the complaint had been examined by him and was true, correct, and complete to the best of his knowledge and belief. A notary public, separate from attorney Klaine, notarized Higginbothan's declaration.

{¶ 8} Thereafter a countercomplaint was filed by the Board of Education of the Cincinnati School District ("board of education"), appellant herein, asserting that the auditor's taxable value of $227,920 for the property was correct based on a fair market value of the property of $651,200 rather than $135,900 as asserted by Mirge.

**{¶ 9}** The board of revision held a hearing on July 6, 1999, at which attorney Klaine appeared on behalf of Mirge. The board considered the hearing as involving not only the 1999 complaint as to tax year 1996 but also subsequent tax years 1997, the complaint for which had been dismissed, and 1998. Thus, the hearing sought to determine the taxable values for the Mirge property for all three tax years, 1996 through 1998.

**{¶ 10}** At the hearing, Higginbothan testified that he had prepared the 1999 complaint relating to the 1996 tax year valuation, and Klaine represented that his office had filed the complaint. Higginbothan further testified that on July 28, 1995, Mirge purchased the subject property for $135,900.

**{¶ 11}** The board of revision granted the reduction as requested by Mirge, effective for tax years 1996, 1997, and 1998, setting the fair market value of the parcel at $135,900, its 1995 purchase price. The board of education appealed to the Board of Tax Appeals. The parties stipulated that the appeals for tax years 1996, 1997, and 1998 filed by the board of education should be consolidated.

**{¶ 12}** The Board of Tax Appeals found no procedural obstacle to its jurisdiction pursuant to *Sharon Village* and its progeny, in that attorney Klaine had reviewed and signed the complaint, filed it, and had appeared as counsel of record in the legal proceedings which ensued. It further found that the evidence supported the determinations of value made by the board of revision for each of the three years in question. It therefore ordered the Auditor of Hamilton County to value the property at a fair market value of $135,900 ($47,560 tax value).

**{¶ 13}** The cause is now before this court upon an appeal as of right.

**{¶ 14}** This appeal presents two issues for our resolution. The first is jurisdictional and questions whether the Board of Tax Appeals should have dismissed the appeal, pursuant to *Sharon Village* and its progeny, *i.e.*, *Lakeside Ave. L.P. v. Cuyahoga Cty. Bd. of Revision* (1999), 85 Ohio St.3d 125, 707 N.E.2d 472; *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 85 Ohio

St.3d 156, 707 N.E.2d 499; *Fravel v. Stark Cty. Bd. of Revision* (2000), 88 Ohio St.3d 574, 728 N.E.2d 393; *C.I.A. Properties v. Cuyahoga Cty. Aud.* (2000), 89 Ohio St.3d 363, 731 N.E.2d 680, because a nonattorney had prepared the complaint filed on behalf of corporate taxpayer Mirage. We affirm the finding of the Board of Tax Appeals that the precedent set forth in *Sharon Village* does not mandate dismissal of the case now before us.

{¶ 15} The second issue is whether Sub.H.B. No. 694 is valid insofar as it purports to permit a taxpayer to file a second complaint for tax years 1996 and 1997 when previous complaints for those tax years had been dismissed pursuant to *Sharon Village*. We reverse the order of the board on this issue because application of this portion of Sub.H.B. No. 694, authorizing the refiling of dismissed complaints challenging valuations for tax years prior to the effective date of Sub.H.B. No. 694, violates Section 28, Article II of the Ohio Constitution, which prohibits the enactment of retroactive legislation.

I

*Jurisdictional Issue*

{¶ 16} The facts in *Sharon Village* are distinguishable from the facts in the case at bar. In *Sharon Village*, a nonattorney both prepared *and* filed complaints in the board of revision without the involvement of, or supervision by, a licensed attorney. In addition to preparing legal documents, the nonattorney also gave professional advice and appeared before a board of revision on behalf of corporate clients. He acted in his capacity as president of an entity known as Ambassador Research, Inc. We held that the nonattorney had engaged in the unauthorized practice of law and, accordingly, that jurisdiction had never vested in the board of revision upon the preparation and filing of a valuation complaint by him.

{¶ 17} The Board of Tax Appeals found in the instant case that "one of Mirge's corporate officers prepared the subject complaint. It was then submitted to an attorney licensed to practice in Ohio, who reviewed the complaint, executed the

7

complaint with his signature, and thereafter filed the complaint with the county auditor for presentation to the Board of Revision * * *, represented Mirge before the Board of Revision," and appeared before the Board of Tax Appeals. These findings of fact are directly supported by the record or are factual inferences that can be reasonably drawn from evidence in the record.

{¶ 18} In the case at bar, the nonattorney did not prepare and file the complaint as had the nonattorney in *Sharon Village*. Rather, he drafted and verified the factual allegations it contained. He then transmitted it to attorney Klaine for review and filing. Klaine, not Higginbothan, initiated the proceedings by filing, or directing the filing, of a valid complaint so as to vest jurisdiction in the board of revision. Thereafter Mirge was represented throughout these proceedings by attorney Klaine.

{¶ 19} Preparation of a complaint, unaccompanied by filing, does not fit within the express language of the syllabus to *Sharon Village*, which reads, "The preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law." Were either preparation alone or filing alone sufficient to constitute the practice of law for purposes of determining the validity of a valuation complaint, the syllabus would have read, "The preparation *or* filing of a complaint with a board of revision on behalf of a taxpayer constitute*s* the practice of law."

{¶ 20} In any event, the critical inquiry for purposes of determining the vesting of jurisdiction in a board of revision is whether the record demonstrates the initiation of proceedings by the filing of a jurisdictionally valid complaint, *i.e.*, a complaint "prepared and filed" either by the taxpayer acting in a *pro se* capacity or by an attorney authorized to practice law acting in the taxpayer's behalf. See *C.I.A. Properties,* 89 Ohio St.3d at 365, 731 N.E.2d at 683.

{¶ 21} Higginbothan conceded that he had drafted and verified the real property assessment complaint before forwarding it to legal counsel. When Klaine signed the complaint in the form "Franklin A. Klaine, Jr., Attorney for Mirge Corp.," he indicated his assent to the characterization found within it that he was Mirge's

representative, irrespective of the identity of the person or persons who had prepared the document. Cf. Civ.R. 11 ("The signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay"). When an attorney affixes his or her signature to such a complaint in his or her capacity as an attorney and directs that it be filed, that attorney thereby indicates his or her undertaking of legal representation of the taxpayer.

**{¶ 22}** Accordingly, it was Klaine, rather than Higginbothan, who initiated the board of revision proceedings by "preparing and filing" the complaint.

**{¶ 23}** Moreover, as observed by the Board of Tax Appeals, it is commonplace for nonattorneys to assist in the drafting of complaints and in providing factual information for inclusion in complaints. Ultimately, however, the attorney ratifies and assumes responsibility for a complaint by signing and filing it, whether or not he acted as its scrivener.

**{¶ 24}** We therefore hold that an attorney who signs an R.C. 5715.19 valuation complaint in his or her capacity as an attorney-at-law and files it, or directs its filing, in accord with R.C. Chapter 5715, has thereby "prepared and filed" that complaint for purposes of determining whether jurisdiction has vested in a county board of revision, as contemplated by *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932.

**{¶ 25}** The board of revision and the Board of Tax Appeals did not err in finding that jurisdiction had vested in the board of revision as a result of the filing of the 1999 complaint by, or at the direction of, attorney Klaine, who had signed the complaint, even though it may have been drafted and verified before a notary public by nonattorney Higginbothan. It is therefore unnecessary for us to consider the constitutionality of that part of R.C. 5715.19 that purports to empower certain

nonattorneys, including corporate officers, to file valuation complaints on behalf of others.

## II

### *Retroactivity Issue*

**{¶ 26}** The board of education contends that application of Sub.H.B. No. 694 so as to allow Mirge to file a second challenge to the valuation of its property for tax year 1996 violates Section 28, Article II of the Ohio Constitution. That constitutional provision states that "[t]he general assembly shall have no power to pass retroactive laws." Mirge argues that Sub.H.B. No. 694 cured a defect in a prior statute and was, thus, a remedial statute that could be applied retroactively.

**{¶ 27}** We recently interpreted Section 28, Article II of the Ohio Constitution, stating that "[t]he retroactivity clause nullifies those new laws that 'reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective].' " *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 352-353, 721 N.E.2d 28, 32, quoting *Miller v. Hixson* (1901), 64 Ohio St. 39, 51, 59 N.E. 749, 752. We further distinguished between constitutional and unconstitutional retroactivity, and set forth a two-prong test to determine unconstitutional retroactivity. First, the court must "determine whether the General Assembly expressly intended the statute to apply retroactively," *Bielat* at 353, 721 N.E.2d at 33, citing R.C. 1.48. "If so, the court moves on to the question of whether the statute is substantive, rendering it *unconstitutionally* retroactive, as opposed to merely remedial [*i.e.*, constitutionally retroactive]." (Emphasis *sic*.) *Id*.

**{¶ 28}** Permissively retroactive, remedial laws are laws that "merely substitute a new or more appropriate remedy for the enforcement of an existing right." *State v. Cook* (1998), 83 Ohio St.3d 404, 411, 700 N.E.2d 570, 577. "On the other hand, a retroactive statute is substantive—and therefore *unconstitutionally* retroactive—if it impairs vested rights, affects an accrued substantive right, or imposes

new or additional burdens, duties, obligations, or liabilities as to a past transaction." *Bielat*, *supra,* at 87 Ohio St.3d at 354, 721 N.E.2d at 33.

{¶ 29} The *Bielat* court thereby recognized that a statute that retroactively creates a new right is unconstitutionally retroactive if, and only if, it also impairs a vested right or creates some new obligation or burden as well:

"A claim for substantive retroactivity cannot be based solely upon evidence that a statute retrospectively created a new right, but must also include a showing of some impairment, burden, deprivation, or new obligation accompanying that new right." *Bielat*, paragraph two of the syllabus.

{¶ 30} The *Bielat* opinion cited *State ex rel. Crotty v. Zangerle* (1938), 133 Ohio St. 532, 11 O.O. 226, 14 N.E.2d 932, in which the court nullified a statute that allowed for the refunding of tax penalties legally paid in prior years. Quoting extensively from *Hamilton Cty. Commrs. v. Rosche Bros.* (1893), 50 Ohio St. 103, 33 N.E. 408, the *Crotty* court concluded that the statute created a new right by providing a new legal avenue to recover penalties, but that it was unconstitutionally retroactive because it imposed an obligation on the county officials to refund taxes " 'that did not attach to the transaction when it occurred.' " *Crotty*, 133 Ohio St. at 536, 11 O.O. at 228, 14 N.E.2d at 934, quoting Rosche, 50 Ohio St. at 113, 33 N.E. at 410.

{¶ 31} Here, Sub.H.B. No. 694 similarly purports to create a new right in property owners to refile dismissed complaints under new substantive rules governing the vesting of jurisdiction in a board of revision to reduce real property assessments and creates a new right to file successive valuation complaints in the same triennium under particular circumstances. While the General Assembly may have the right to accomplish such changes, assuming they are otherwise constitutional, the General Assembly may not do so retroactively, as such changes bring with them new burdens and therefore are not merely remedial. The county officials who opposed reduction in assessed valuations when the first complaints were dismissed could have concluded that those dismissals, followed by exhaustion of judicial review, ended the valuation

proceedings and established the value of the property for the triennium period, thereby creating a "reasonable expectation of finality." Cf. *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 281, 525 N.E.2d 805, 808. But Sub.H.B. No. 694 imposes on those officials a burden to again defend the value determined by the auditor and, potentially, to refund taxes if the complainant is successful. Under *Bielat* and *Crotty*, Sub.H.B. No. 694 is unconstitutionally retroactive because it creates a new right while, at the same time, imposing a new burden on parties who had appeared in opposition to the merits of once-dismissed valuation complaints or countercomplaints.

{¶ 32} We therefore hold that R.C. 5715.19 as amended by Sub.H.B. No. 694 may not be constitutionally applied to permit the refiling of once-dismissed R.C. 5715.19 complaints challenging valuations for tax years prior to the effective date of Sub.H.B. No. 694 (March 30, 1999). Such an application violates Section 28, Article II of the Ohio Constitution, which prohibits the enactment of retroactive legislation.

{¶ 33} Accordingly, we reverse the decision of the Board of Tax Appeals and remand the cause with instructions that the valuation of appellant's property for tax years 1996, 1997, and 1998 be set at $227,920, as originally assessed by the auditor.

*Decision reversed*

*and cause remanded.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in paragraph one of the syllabus and in the judgment.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

———————————

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 34} I concur with the majority's conclusion that the attorney's signature on the complaint was sufficient to vest jurisdiction in a county board of revision. However, I respectfully dissent from the determination that amended R.C. 5715.19, as applied to a refiled complaint challenging tax valuations for years prior to the effective date of the bill, is unconstitutional.

**{¶ 35}** Because of *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, and its progeny, many taxpayers who filed otherwise meritorious complaints within the triennium were foreclosed from the opportunity to challenge a tax valuation. Until *Sharon Village*, the accepted practice permitted corporate officers or agents to file on behalf of their corporation or agency. Consequently, the General Assembly enacted curative legislation that provided for a specific exception that would apply beginning with tax year 1996 and thereafter to afford those taxpayers the opportunity to cure the defect that resulted in dismissal of their original complaint. See Ohio Laws, Part III, 5378. R.C. 5715.19 was intended, and does, provide a remedy for those taxpayers whose complaint was dismissed merely because of a very specific jurisdictional defect. Therefore, R.C. 5715.19 is curative in nature. It affects the procedure by which a taxpayer's rights are recognized, protected, and enforced. See *Weil v. Taxicabs of Cincinnati, Inc.* (1942), 139 Ohio St. 198, 205, 22 O.O. 205, 208, 39 N.E.2d 148, 151.

**{¶ 36}** I do not agree with the majority that the statute creates a new right to file successive complaints in the same triennium under certain circumstances. I believe it is more accurate to state that the statute allows the taxpayer whose initial complaint was defective to refile a proper and complete complaint within the triennium and to correct a mistake so that an already existing right is not lost. This is not substantive, but rather remedial.

**{¶ 37}** Nor do I believe that application of R.C. 5715.19 creates a burden on defending parties. The majority reasons that Sub.H.B. No. 694 imposes a new burden on parties who had opposed the initial, now-dismissed complaint on the merits to once again defend the value determined by the auditor. If the initial valuation complaint was dismissed at the inception for lack of jurisdiction, it is quite likely that the parties did not reach the merits of the case. Even so, I do not consider a "reasonable expectation of finality" of litigation to be a vested

substantive right sufficient to strike down an otherwise valid constitutional enactment. We should weigh that expectation against the rights of those who followed established and accepted practices yet were stripped of the right to challenge an auditor's tax valuation by our interpretation in *Sharon Village*. They also have an expectation to have their case considered on the merits. Therefore, I must respectfully dissent.

_____

*Wood & Lamping, L.L.P.,* and *David C. DiMuzio*, for appellant.

*Strauss & Troy* and *Franklin A. Klaine, Jr.*, for appellee Mirge, Inc.

_____