**[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 358.]**

RUBBERMAID, INC., APPELLEE, *v.* WAYNE COUNTY AUDITOR ET AL.,

APPELLANTS.

**[Cite as *Rubbermaid, Inc. v. Wayne Cty. Aud.*, 2002-Ohio-2338.]**

*Taxation—Complaint for reduction of taxable value—R.C. 5715.13 and 5715.19*
*as amended by 1998 Sub.H.B. No. 694 violate Section 28, Article II of the*
*Ohio Constitution.*

(No. 2001-0451—Submitted February 6, 2002—Decided May 29, 2002.)

APPEAL from the Board of Tax Appeals, No. 97-J-1119.

————————————

SYLLABUS OF THE COURT

R.C. 5715.13 and R.C. 5715.19 as amended by 1998 Sub.H.B. No. 694 violate
Section 28, Article II of the Ohio Constitution. (*Cincinnati School Dist. Bd.
of Edn. v. Hamilton Cty. Bd. of Revision* [2001], 91 Ohio St.3d 308, 744
N.E.2d 751, followed.)

————————————

FRANCIS E. SWEENEY, SR., J.

{¶1} In early March 1997, a vice president of the home products division of
appellee Rubbermaid, Inc. signed and filed a complaint with appellant, the Wayne
County Board of Revision ("BOR"), seeking a reduction in the taxable value of
certain of its properties for tax year 1996. While the complaint was pending, this
court decided *Sharon Village, Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio
St.3d 479, 678 N.E.2d 932, where we held that since the preparation and filing of a
valuation complaint by a nonattorney corporate officer constitutes the unauthorized
practice of law, a board of revision does not have jurisdiction to consider that
complaint under former R.C. 5715.19. Despite that decision, the BOR proceeded

to consider Rubbermaid's complaint and granted a reduction in the valuation of Rubbermaid's property.

**{¶2}** Rubbermaid was dissatisfied with the amount of the reduction and filed an appeal with the Board of Tax Appeals ("BTA"). The BTA then issued a show cause order based on *Sharon Village*, requiring Rubbermaid to demonstrate why its complaint should not be dismissed. However, before the BTA decided whether to dismiss the case, the General Assembly enacted 1998 Sub.H.B. No. 694 in response to *Sharon Village*. Sub.H.B. No. 694, effective March 30, 1999, 147 Ohio Laws Part III, 5373, permits some nonattorneys, including corporate officers, to file valuation complaints on behalf of a property owner. On this basis, the BTA considered the appeal, and on February 8, 2001, it granted an additional reduction to Rubbermaid. The BOR and the Wayne County Auditor appealed, and this cause is now before this court upon an appeal as a matter of right.[1]

**{¶3}** At issue in this case is the constitutionality of R.C. 5715.13 and 5715.19 as amended by Sub.H.B. No. 694. As stated above, the amendments contained in Sub.H.B. No. 694 permit certain nonlawyers, such as corporate officers filing on behalf of their corporations, to file valuation complaints with a county board of revision. R.C. 5715.13 and 5715.19(A)(1). This legislation also states that if a board of revision dismisses a valuation complaint for the reason that the act of filing constituted the unauthorized practice of law, the complaint can be refiled by the individuals specified therein. R.C. 5715.19(A)(3). Furthermore, Sub.H.B. No. 694 contains an uncodified Section 3, which provides that the amendment is "remedial legislation and applies to any complaint that was timely filed under either [R.C. 5715.13 or 5715.19] respecting valuations for tax year

---

1. Rubbermaid failed to timely submit a merit brief for this court's consideration and as a result waived its oral argument.

1994, 1995, 1996 or 1997, and to complaints filed for tax years 1998 and thereafter."[2]

{¶4} Appellants contend that Sub.H.B. No. 694 violates Section 28, Article II of the Ohio Constitution,[3] which prohibits the General Assembly from passing laws that are retroactive in effect.[4] Before determining whether a statute is unconstitutionally retroactive, we must first determine whether the General Assembly expressly intended the statute to apply retroactively. R.C. 1.48; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph one of the syllabus. If it did, we must next decide whether the statute is remedial, in which case it does not violate Section 28, Article II, or substantive, in which case the statute is unconstitutionally retroactive. *Van Fossen,* supra, paragraph three of the syllabus.

{¶5} With regard to the first determination, the uncodified Section 3 of Sub.H.B. No. 694 as amended specifically provides that its terms apply to any complaint filed for tax years 1994, 1995, 1996, and 1997, and to tax years 1998 and later. Sub.H.B. No. 694 became effective on March 30, 1999, and an amendment to it became effective October 5, 1999. 1999 Am.Sub.H.B. No. 283, Sections 149

---

2. This is the language of Section 3 as amended by Section 149 of 1999 Am.Sub.H.B. No. 283. The amendment brought years 1994 and 1995 within the ambit of Section 3.

3. Section 28, Article II of the Ohio Constitution provides: "The general assembly shall have no power to pass retroactive laws, or laws impairing the obligations of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of the parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

4. In addition to the question that we resolve in this opinion, appellants also assert that Sub.H.B. No. 694 violates the Equal Protection Clause of Section 2, Article I of the Ohio Constitution. Furthermore, they assert that it violates Section 5, Article IV of the Ohio Constitution because the General Assembly has sidestepped principles of separation of powers by enacting legislation infringing upon this court's power to regulate the practice of law. These assertions will not be addressed, since our decision renders them moot.

and 169. It is clear that the legislation expressly applies to complaints that were filed before it became effective.

{¶6} Having determined that the statute meets the threshold inquiry, we next consider the constitutionality of the intended retroactivity, by determining whether the retroactive statute is remedial or substantive. A retroactive statute is substantive if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction. *Van Fossen*, 36 Ohio St.3d at 106-107, 522 N.E.2d 489. Remedial laws affect only the remedy provided, and include laws that " 'merely substitute a new or more appropriate remedy for the enforcement of an existing right.' " *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2001), 91 Ohio St.3d 308, 316, 744 N.E.2d 751 (the "*Mirge*" decision), quoting *State v. Cook* (1998), 83 Ohio St.3d 404, 411, 700 N.E.2d 570.

{¶7} Although the uncodified Section 3 of Sub.H.B. No. 694 refers to the amendment as remedial in nature, this court is not bound to accept that characterization but must instead undertake its own analysis. In arguing that Sub.H.B. No. 694 is a substantive law, appellants urge us to apply the rationale set forth in our recent decision in *Mirge,* supra. In *Mirge*, a corporation's vice president had prepared, signed, and filed a valuation complaint with a county board of revision. After that complaint was deemed defective because the filing by the corporate officer constituted the unauthorized practice of law, the corporation refiled the complaint pursuant to newly enacted Sub.H.B. No. 694. Under those facts, this court held that "R.C. 5715.19, as amended by Sub.H.B. No. 694, may not be constitutionally applied to permit the refiling of once-dismissed R.C. 5715.19 complaints challenging valuations for tax years prior to the effective date of Sub.H.B. No. 694," because that would violate Section 28, Article II of the Ohio Constitution. Id. at paragraph two of the syllabus.

**{¶8}** In reaching our decision in *Mirge*, this court reasoned that Sub.H.B. No. 694 created a new right in property owners to refile certain invalid complaints. At the same time, it also took away the legal right of county officials to have complaints dismissed that were not properly prepared and filed. This court found that new burdens were imposed on county officials by requiring them to defend their valuation for a second time and leaving open the possibility that taxes would have to be refunded.

**{¶9}** Although this case is distinguishable in that the complaint at issue is an original complaint rather than a refiled complaint, we agree with appellants that the rationale expressed in *Mirge* applies with equal force to the instant situation. Regardless of whether the complaint is an original as opposed to a refiled complaint, Section 3 of Sub.H.B. No. 694, if upheld, would take away a legal right. Prior to the enactment of this legislation, county officials had a vested legal right to have Rubbermaid's complaint dismissed as invalid, since it was filed by an unauthorized individual. The legislation strips county officials of this right. Furthermore, it imposes new and additional burdens on counties to defend against what would have been an invalid complaint in the absence of the new law. Therefore, under the rationale of *Mirge*, R.C. 5715.13 and R.C. 5715.19, as amended by Sub.H.B. No. 694, violate Section 28, Article II of the Ohio Constitution.

**{¶10}** Accordingly, we find that the BOR was without jurisdiction to rule on Rubbermaid's complaint. The decision of the BTA is reversed.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK and PFEIFER, JJ., concur.

COOK, J., concurs in judgment.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting**.

{¶11} I believe that we should dismiss this case due to the lack of jurisdiction. Appellants challenge the constitutionality of R.C. 5715.13 and 5715.19 without having served the Attorney General. The Attorney General had no notice of this action and no opportunity to participate in the case. This is a jurisdictional requirement that must be met in order for this court to consider a constitutional challenge to a state statute. *George Shima Buick, Inc. v. Ferencak* (2001), 91 Ohio St.3d 1211, 741 N.E.2d 138; *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066.

{¶12} Assuming that jurisdiction does exist, I respectfully dissent from the majority's determination that R.C. 5715.13 and 5715.19 are unconstitutional. For the reasons set forth in my dissenting opinion in the *Mirge* case, I believe that Sub.H.B. No. 694 is remedial in nature. *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2001), 91 Ohio St.3d 308, 317-318, 744 N.E.2d 751, Lundberg Stratton, J., dissenting. *Sharon Village, Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, and its progeny, and now *Rubbermaid*, effectively extinguish the rights of taxpayers who had complied with the law prior to *Sharon Village* but whose right to challenge a tax valuation was stripped away with the stroke of a pen. I believe the result is unfair and unjust to the taxpayer and clearly a result not contemplated by the General Assembly.

————————————

Rich, Crites & Wesp and Jeffrey A. Rich; and Martin Franz, Wayne County Prosecuting Attorney, for appellants.

————————————