DIXON, Appellant,

v.

WALCUTT, Appellee.

[Cite as *Dixon v. Walcutt,* 152 Ohio App.3d 372, 2003-Ohio-1667.]

Court of Appeals of Ohio,
Fifth District, Muskingum County.

No. CT2002–0028.

Decided March 25, 2003.

Cole J. Gerstner, for appellant.

Shawn E. Crawmer, for appellee.

Gregory A. Starcher, for amicus curiae.

———————

FARMER, Judge.

{¶ 1}   On August 30, 1984, Shannon Dixon was born.   The mother of Shannon is appellant, Kitty Dixon.   On August 16, 2000, appellee, James Walcutt, was established as the father.

{¶ 2}   On October 1, 2000, an administrative order set child support at $407.78 per month, effective from that date forward.   On October 17, 2000, appellant filed a complaint for retroactive child support.   A hearing before a magistrate was held on May 8, 2002.   By decision filed May 16, 2002, the magistrate found that R.C. 3111.13(F)(3) precluded child support prior to October 1, 2000.   A supplemental magistrate's decision was filed on August 8, 2001, wherein the magistrate expanded his decision on the applicability of R.C. 3111.13 to the case.   The trial court approved and adopted this decision.

{¶ 3}   On August 22, 2002, appellant filed objections to the magistrate's decision.   By judgment entry filed August 28, 2002, the trial court denied the objections.

{¶ 4}   Appellant filed an appeal, and this matter is now before this court for consideration.   The assignment of error is as follows:

{¶ 5}   "The trial court erred in not granting retroactive child support pursuant to the complaint of the appellant."

{¶ 6}   Appellant claims that the trial court erred in determining that R.C. 3111.13(F)(3)(a) was applicable and could be retrospectively applied.   We agree.

{¶ 7}   R.C. 3111.13(F)(3)(a), enacted on October 27, 2000, ten days after the filing of the complaint sub judice, states the following:

{¶ 8}   "(3)(a) A court shall not require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring that parent to pay an amount for the current support of that child or to pay all or any part of the reasonable expenses of the mother's pregnancy and confinement, if both of the following apply:

{¶ 9}   "(i) At the time of the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the child was over three years of age.

{¶ 10}   "(ii) Prior to the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the alleged father

had no knowledge and had no reason to have knowledge of his alleged paternity of the child."

{¶ 11}   On this issue, the trial court stated the following:

{¶ 12}   "The provisions of Ohio Revised Code 3111.13(F)(3)(b) are obviously intended to apply in situations where the alleged father cannot be located, despite the mother's best efforts either directly or with the assistance of the child support enforcement agency.   However, the actual language used in Ohio Revised Code 3111.13(F)(3)(b) places the burden of establishing that the alleged father had or should have had knowledge of the paternity of the child upon the mother, not upon the state or the child support enforcement agency.   Notifying the state or the child support enforcement agency that a particular man *may* be the child's father is not reasonable and documented effort to contact and notify the alleged father of his possible paternity of the child when the alleged father could have been easily notified directly through a simple contact to the alleged father's adult relative known to the mother.   In this case, that did not happen until well after the child was three years of age.

{¶ 13}   "The provisions of Ohio Revised Code 3111.13(F)(3)(b) do not prevent the application of Ohio Revised Code 3111.13(F)(3)(a) in this case, and the court cannot require the defendant to pay an amount for the defendant's failure to support the child prior to the date the court issues an order requiring the defendant to pay an amount for the current support of the child or to pay all or any part of the reasonable expenses of the mother's pregnancy and confinement." August 8, 2002 Magistrate's Decision at Conclusions of Law Nos. 7 and 8.

{¶ 14}   Section 28, Article II of the Ohio Constitution governs retroactive laws and states as follows:

{¶ 15}   "The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts;  but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

{¶ 16}   Our inquiry into R.C. 3111.13(F) begins with a determination of legislative intent:

{¶ 17}   "Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws that, when applied, act to impair vested rights.   * * * *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 99, 566 N.E.2d 154. A statutory enactment is repugnant to Section 28, Article II if it is expressly retroactive *and* is substantive, as opposed to merely remedial.   *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2001), 91 Ohio St.3d 308, 315–

316, 744 N.E.2d 751; *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 352–353, 721 N.E.2d 28. We have established in a line of cases dating as far back as *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 28 OBR 337, 503 N.E.2d 753, and recently in *Rubbermaid, Inc. v. Wayne Cty. Aud.*, 95 Ohio St.3d 358, 2002-Ohio-2338, 767 N.E.2d 1159, an analysis that a court should follow to determine whether a law is unconstitutionally retroactive.  * * * [Emphasis sic.]

{¶ 18} "In *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraphs one and two of the syllabus, we set forth a two-step analysis. Step one requires an initial determination of legislative intent. Intent is determined by construing, and then applying, R.C. 1.48. R.C. 1.48 provides, 'A statute is presumed to be prospective in its operation unless expressly made retrospective.' The *Van Fossen* court held that R.C. 1.48 establishes a threshold analysis that must be undertaken prior to any inquiry under Section 28, Article II of the Ohio Constitution. *Van Fossen*, 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph one of the syllabus. Inquiry into whether a statute may be constitutionally applied retrospectively continues only after an initial finding that the General Assembly expressly intended that the statute be applied retrospectively. Id., paragraph two of the syllabus. See, also, *Bielat*, 87 Ohio St.3d at 353, 721 N.E.2d 28, and *State ex rel. Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258, 259, 744 N.E.2d 708. Thus, absent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only. R.C. 1.48." (Footnotes omitted.) *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 13 and 14.

{¶ 19} We find that the wording of R.C. 3111.13(F)(3)(c) establishes that the legislative intent was to apply the statute retrospectively:

{¶ 20} "A party is entitled to obtain a modification of an existing order for arrearages under this division regardless of whether the judgment, court order, or administrative support order from which relief is sought, was issued prior to, on, or after October 27, 2000."

{¶ 21} Our next inquiry is whether the statute is remedial or substantive. A substantive statute is defined as one that impairs or takes away vested rights, affects an accrued substantive right, imposes a new or additional burden, duty, obligation or liability, or creates a new right. *Van Fossen*, supra, 36 Ohio St.3d at 107, 522 N.E.2d 489. A remedial statute merely substitutes a new or more appropriate remedy for the enforcement of an existing right. Id.

{¶ 22} Appellee argues that R.C. 3111.13(F) is merely a vehicle for the collection of child support and therefore is remedial. We can imagine no other right greater than the right of a child to have the support of his/her father. The

statute sub judice eliminates that right if certain provisions are not met by a parent and not the child. In Ohio, we have consistently upheld the right of a child for support from a parent as evidenced by R.C. 2919.21, which governs offenses against the family, including nonsupport of dependents. We find that the statute as amended affects a substantive right and takes away the child's right to support. Therefore, we find the retroactive application of R.C. 3111.13(F) to be unconstitutional.

{¶ 23} Appellant also claims that R.C. 3111.13(F) does not apply to an action that is brought pursuant to R.C. 2151.231. We disagree. R.C. 3111.01 et seq. is a vehicle by which child support is determined once parentage is established and without which no support can be ordered.

{¶ 24} We find the provisions of R.C. 3111.13(F) applicable, but the retrospective application of such unconstitutional.

{¶ 25} The sole assignment of error is granted. The judgment is reversed, and the matter is remanded to the trial court to determine the date from which child support is due given the specific facts sub judice.

Judgment reversed
and cause remanded.

HOFFMAN, P.J., and BOGGINS, J., concur.